## FISHER *vs.* BARTLETT & AL.

Where property was attached by an officer, and delivered to a third person for safe keeping, to be forth coming upon demand; it is competent for the bailee, in an action against him upon his promise to redeliver the goods, to show that they were not the property of the debtor from whom they were taken, and that they have been restored to the true owner.

If the attachment was merely nominal, *quære* whether any consideration existed for the undertaking of the supposed bailee.

THIS was an action of *assumpsit* on a contract in writing, in which the defendants, reciting that the plaintiff, as a deputy sheriff, had attached a thousand pine mill logs of the value of two thousand dollars, on a writ in favor of *Henshaw & al. v. Davis & al.* which they had received of the plaintiff, promised to redeliver them to him on demand, or pay him two thousand dollars, at his election. At the trial, before *Weston J.* it appeared that judgment was recovered by *Henshaw & al.* for upwards of twelve hundred dollars; that their execution was placed in the hands of *Fisher* for collection, by virtue of which, within thirty days after judgment, he demanded the logs of the defendants; and that not being able to obtain them, he gave the defendants notice of his election to receive the money. It further appeared that no logs were in fact delivered to the defendants, at the time of signing the contract. The defendants offered to prove, by way of bar to the action, that the logs were not the property of *Davis & al.* but of *Fisk & Bridge*. But the Judge ruled that such evidence was inadmissible; the defendants being concluded from setting up this defence, by the tenor of their contract. And thereupon a default was entered, subject to the opinion of the court upon the question whether such testimony was admissible, and constituted a good defence to the action.

*J. McGaw*, for the defendants, at the opening of the argument, produced the deposition of Mr. *Fisk*, who testified that he and *Bridge* were owners of the logs when they were attached; and

that the greater part had been appropriated by them to their own use. And he cited *Fuller v. Holden*, 4 *Mass.* 498; *Tyler v. Ulmer*, 12 *Mass.* 163; *Brown v. Hurd*, 10 *Mass.* 427; *Boutelle v. Cowdin*, 9 *Mass.* 254.

*Sprague* and *Starrett*, for the plaintiff, argued that this was not a bailment of logs; but was wholly a collateral stipulation, that in consideration of the plaintiff's return of an attachment, the defendants would deliver to him a certain number of logs, or pay a certain sum of money, at his election. The attachment was merely nominal; but the engagement of the defendants was substituted as a real security for the debt. *Bridge v. Wyman*, 14 *Mass.* 190; *Jewett v. Torrey*, 11 *Mass.* 219; *Lyman v. Lyman*, *ib.* 317; *Cabot v. Hoskins*, 3 *Pick.* 93; *Webster v. Coffin*, 14 *Mass.* 196.

Mellen C. J. after stating the facts as above, delivered the opinion of the Court as follows.

The counsel for the defendants has contended that the contract declared on is not founded on any legal consideration; and, if it is, that damages to a small amount only if any, should have been given. A benefit to a promissor, or an injury or inconvenience to a promissee constitutes a legal consideration. The plaintiff by his return on the writ of *Henshaw & al. v. Davis & al.* had made himself responsible for the logs attached or for their value, until legally accounted for to the owner; for in an action against him for the property, he would not be permitted to falsify his return and prove that he did not attach them. When, therefore, he, by his contract with the defendants, placed the property under their control, that very fact constituted a valid consideration. We have no doubt on this point.

When an officer attaches personal property, he stands responsible for it. If the plaintiff should recover judgment in the action, the officer will be accountable to him for thirty days after judgment; and, in certain cases, mentioned in the act of 1821, establishing this court, section 8, for a longer time. If the defendant should obtain judgment; then the officer will be accountable to him. In either event he will have a right to call the property out of the

possession of the receiptor; and even if at the time of the attachment, the property did not belong to the debtor, but to a third person, that circumstance alone will not constitute a defence in an action by the officer against the receiptor; for the officer must obtain possession of the property, in order that he may restore it to such third person, he being the true owner. But if such third person has obtained possession of the property or has appropriated it to his own use and benefit, there seems to be no sound reason why the receiptor, in such case should not be permitted to defend himself by proving these facts. Why should the officer recover? He cannot be answerable to any one in damages. Should the attaching creditor, having recovered judgment, sue the officer for neglect in not satisfying the execution out of the property attached, he might effectually defend himself by proving that it did not belong to the debtor. This has been distinctly settled in *Fuller v. Holden*, 4 *Mass.* 498; and *Tyler v. Ulmer*, 12 *Mass.* 163. If the defendant, having obtained judgment, should sue the officer for the non-return of the property, the same facts would constitute a good defence for him in such action. And if the true owner should call on him for it, he might defend himself, by proving that such true owner had already the property in his possession, or had availed himself of its proceeds or in some way appropriated it to his own use and benefit. Now, in the present state of the attached property, as the officer would not be answerable to any one for it, as it belongs to *Fisk & Bridge*, and they have received the proceeds of the greater part of it, why should this same officer recover of the defendants any more than the value of that portion of the property which has never been appropriated by *Fisk & Bridge*? What use is he to make of the amount, should a verdict for the full value be returned, and judgment be rendered thereon, and the money be paid to him? Is he to retain it for his own use? Such a proceeding, if sanctioned, might lead to gross injustice, and be managed, by a dishonest officer, so as to become shameful oppression. The case of *Learned v. Bryant & al.* 13 *Mass.* 224, is a decisive authority against a judgment for the plaintiff in this case; and if *Fisk & Bridge* had appropriated all the attached property, the two cases

could not be distinguished in principle. But the counsel for the plaintiff has contended, that this case differs from *Learned v. Bryant*, as the attachment by the plaintiff was merely nominal. We have already expressed our opinion on that point. We cannot perceive the force of this reasoning. Shall the officer be bound by a nominal attachment and the receiptor also, as much as by a real one, and yet neither of them be permitted to defend himself by proof of those facts which would constitute a good, valid and complete defence in case of a real attachment? A denial of this proposition would seem to be giving more importance to a shadow than a substance,—to a fiction than a reality. But on the fact and principle assumed by the plaintiff's counsel, how is the present action maintainable, considered independently of the defence? If the attachment was merely nominal, subjecting the plaintiff to no liabilities, what consideration exists to render the promise of the defendants to him obligatory? If the attachment is nominal, what legal interest has the plaintiff in the defendant's promise more than any other person, and on what ground can he claim damages? The transaction must be considered real or nominal throughout. Like other contracts in writing, it speaks for itself; and there is nothing equivocal in its language. It is not to be contradicted and controlled, where no fraud exists to impeach it. This instrument, though called merely a receipt, is by no means of that character. It is a contract imposing obligations, not a receipt discharging them. The argument of the counsel, therefore, is based not only on an assumed fact; but on one which, if it existed, he would not be permitted to prove by parol evidence. Whatever may be the damages which may be recovered on another trial, we know not; but we are all of opinion, for the reasons we have given, that the present default cannot stand.