## JOHN BURSLEY *versus* WILLIAM HAMILTON.

Where an accountable receipt given for goods attached, set forth that they were at-
tached as the property of the debtor, but the goods, in fact, belonged to the re-
ceipter, it was *held,* in an action brought by the attaching officer on such receipt,
that it was not void as being given without a consideration; and that the receipter
was estopped from alleging, by way of defence, that the goods were his own
property.

In the same action, the receipter introduced parol evidence to show, that the goods
were his property at the time when the receipt was given and were claimed by him
as such, and that he signed the receipt upon the plaintiff's telling him that he
thought his chance for holding the property, if he receipted for it, would be better
than if he permitted it to be removed. It was *held,* that this evidence was inad
missible to affect the construction of the receipt ; but that it was admissible on
the question of damages.

ASSUMPSIT upon the following receipt, which was signed
by the defendant : "Chatham, January 11, 1832. Then
received of John Bursley the following goods and chattels,
which were this day attached by said Bursley, a deputy
sheriff, as the property of Isaiah Nye of Chatham, taken at
the suit of Isaac Averell of New Bedford ; which goods
and chattels I promise to deliver to said Bursley on demand,
viz. consisting of broadcloths," &c. On the back of the
receipt was an indorsement of the same date, signed by the
plaintiff, to the following effect : " I, the subscriber, do
hereby promise, that provided the within copy of a receipt
is not such as Nymphas Marston Esq. or Timothy Reed
Esq. shall, in their judgment, say, should have been given in
such cases, that I will exchange the same for one which they
shall judge to be correct for both parties."

At the trial, before *Wilde* J., it was admitted, that a de
mand of the goods was made on the defendant within thirty
days after the rendition of judgment in the action referred to
in the receipt.

It was proved by testimony introduced on the part of the
defendant, that the goods mentioned in the receipt were the
property of the defendant at the time when the receipt was
given, and were then claimed by him as such ; that he hesi-
tated to sign the receipt ; but that, upon the plaintiff's telling
him that he thought his chance for holding the property, if he

receipted for it, would be better than if he permitted it to be removed, he did sign it.

It was agreed, that it did not appear, that either party applied to Mr. Marston or Mr. Reed, for any alteration of the receipt, or gave notice that any alteration was desired.

If upon the facts, or such of them as were properly admitted in evidence, the Court should be of opinion, that the plaintiff was entitled to judgment, the defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit.

*Warren*, for the plaintiff. The defendant is estopped by the receipt to claim the property as his own. The parol evidence was inadmissible, because it would destroy the effect of the written promise. 3 Stark. on Evid. 1007 ; *Clark* v. *M'Millan*, 2 Car. Law Repos. 65 ; *Thompson* v. *Ketcham*, 8 Johns. R. 146 ; *Campbell* v. *Hodgson*, 1 Gow, 74 ; *Moies* v. *Bird*, 11 Mass. R. 436 ; *Hunt* v. *Adams*, 7 Mass. R. 518 ; *Stackpole* v. *Arnold*, 11 Mass. R. 27 ; *Lewis* v. *Thatcher*, 15 Mass. R. 431 ; *Brigham* v. *Rogers*, 17 Mass. R. 571 ; *Hoare* v. *Graham*, 3 Campb. 57 ; *Free* v. *Hawkins*, 8 Taunt. 92 ; *Moseley* v. *Hanford*, 10 Barn. & Cressw. 729 ; *Woodbridge* v. *Spooner*, 3 Barn. & Ald. 233 ; *Rawson* v. *Walker*, 1 Stark. R. 361 ; *Powell* v. *Edmunds*, 12 East, 6.

*Reed* and *Marston*, for the defendant, to the point, that it would be competent for the plaintiff, in an action against him by the creditor, to show that the goods attached by him were not the property of the debtor, cited *Fuller* v. *Holden*, 4 Mass. R. 498 ; *Tyler* v. *Ulmer*, 12 Mass. R. 163 ; to the point, that the receipter is not estopped to show that the goods did not belong to the debtor, *Learned* v. *Bryant*, 13 Mass. R. 224 ; to the point, that the promise of the defendant was without consideration, inasmuch as the goods being his own, he could derive no advantage from being the bailee of his own property and the plaintiff could sustain no damage, 1 Selw. N. P. (Wheaton's edit.) 36 ; *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50 ; to the point, that the whole contract was not reduced to writing, and therefore parol evidence was admissible to supply the omissions, *Barker* v. *Prentiss*, 6 Mass R. 434 ; to the point, that if the defendant was deceived by the advice of the plaintiff, he was not bound to fulfil an en-

Bursley
*v.*
Hamilton.

gagement made in consequence of a mistake of law, *Warder* v. *Tucker*, 7 Mass. R. 449 ; *Union Bank* v. *Bank of the United States*, 3 Mass. R. 74 ; to the point, that nominal damages only were recoverable, *Fuller* v. *Holden*, 4 Mass. R. 498 ; *Nye* v. *Smith*, 11 Mass. R. 188 ; *Shackford* v. *Goodwin*, 13 Mass. R. 186 ; *Brooks* v. *Hoyt*, 6 Pick. 468 ; *Phillips* v. *Bridge*, 11 Mass. R. 242.

*Oct. 23d*

SHAW C. J. delivered the opinion of the Court.  By the defendant's receipt he has admitted that this property was attached as the property of another person, and has promised to return it.  In an action to enforce the promise, he is precluded by such admission, from alleging property in himself by way of defence.  The parties, as if doubtful whether the receipt was written in such form as to secure their mutual rights, stipulated, that if on application to certain counsellors named, it should not be found to be given in such form as the parties intended, it should be exchanged for one drawn in such form as they should think proper.  But it is conceded that neither of the parties ever applied to either of the professional gentlemen named, for any alteration of the receipt, or gave notice that any alteration was desired.  The question therefore must be decided on the contract as i. stands.  In regard to the construction of the contract, the Court are of opinion, that the parol evidence was inadmissible, so far as it was intended or would have the effect to vary, alter or control the written contract, and to engraft a defeasance or condition, upon a contract absolute and unconditional.

It was contended that this promise was without consideration, inasmuch as the goods receipted for were the defendant's own property, and he could derive no advantage from becoming the bailee of his own property.  But this argument cannot be sustained ; the attachment gave a *lien* and special property to the officer, with a right of possession, and the relinquishment of this right was a good consideration for such a promise.  The defendant therefore is liable to this action.

But if the promise had been complied with, had the defendant delivered over the goods agreeably to his contract, he might then have brought his action of replevin, trespass or

trover, to try his right of property. He would no longer be estopped by his contract and the implied admission contained in it, and upon proving title in himself, as he has proved it in the present action, he would have recovered the goods or their value. *Johns* v. *Church,* 12 Pick. 557. The receipter under such circumstances, although he may intend ultimately to assert his right of property, may well wait in the expectation that the attaching creditor will fail in his action, in which case the property will be delivered up, and all litigated questions of title avoided. It follows of course, that had it been delivered up, according to the defendant's engagement, neither the plaintiff nor the creditor would have derived any benefit from it. *Fuller* v. *Holden,* 4 Mass. R. 498 ; *Tyler* v *Ulmer,* 12 Mass. R. 163 ; *Learned* v. *Bryant,* 13 Mass. R. 224.

The Court are therefore of opinion, that although the evidence offered by the defendant, of property in himself, did not constitute a defence to the action, yet it was admissible upon the question of damages, and tended to show that the plaintiff was entitled to nominal damages only. It was urged, that by thus lying by, the defendant encouraged the plaintiff to proceed in his original suit, and incur expense, in the belief that his judgment would be secured by the property attached, which he might not have done but for such belief. But precisely the same argument would apply in all cases, where a third person claims title to property attached. He is not bound to sue the officer immediately, but may, if he choose, postpone his suit till the goods are taken 'n execution. Such delay will not affect the owner's right to recover, nor his claim to damages.

Nor did the admission of this evidence on the assessment of damages, operate injuriously to the plaintiff, or the creditors whom he represents, by letting in the testimony of the debtor ; because the same evidence would have been competent in any action brought to try the question of property, either by the creditors against the officer for not applying the property to satisfy their debts, or by the present plaintiff against another receipter, or against the officer. In either of these cases the interest of the debtor would have been in the

question, and not in the event of the cause. We are ol opinion, therefore, that the evidence was admissible upon the question of damages ; and it showing that the property could not have been applied to satisfy the creditor's execution, the plaintiff can recover nominal damages only.