OLIVER DEWEY *vs.* MATTHEW D. FIELD & another.

Goods were attached as the property of A : B., knowing all the facts relating to his own title to the goods, gave the attaching officer a receipt therefor, and a promise to deliver them on demand, and gave no notice that he claimed them as his own : When the goods were attached and the receipt given, there were other sufficient goods of A., which the officer would have attached, if B. had claimed those which were attached, and had refused to give the receipt. *Held*, in an action against B., on his receipt, that his conduct should operate in the nature of an estoppel, and prevent him from controverting A.'s title to the goods.

ASSUMPSIT on the following written promise : " Received, Feb. 20, 1839, of Oliver Dewey, deputy sheriff, 800 reams crown wrapping paper, valued at $1 per ream, attached on writs, H. Sabin and others against L. D. Brown, and H. Sabin and others against L. D. Brown and H. B. Hill ; which property we agree to deliver to said Dewey, on demand, or the value in money.                    L. D. BROWN,
                                                      M. D. FIELD."

It was admitted, at the trial before *Dewey*, J. that judgments were rendered in the suits on which said paper was attached ; that executions issued on those judgments, and were put into the plaintiff's hands ; that a legal demand was made on the defendants for said paper, and that they refused to deliver it.

The defendant, Brown, gave in evidence a discharge under the insolvent law, (*St.* 1838, *c.* 163,) and the jury were instructed to render a verdict in his favor. Field, the other defendant, offered evidence tending to prove that the said paper was not the property of said Brown, at the time when it was

attached; but was the property of said Field and one Phelps, who were partners in business ; and the plaintiff offered evidence tending to prove the contrary. The plaintiff furthermore insisted that said Field could not be allowed to take this ground of defence.

The case was submitted to the jury under the following instructions : That if the jury should find, that at the time when said Field gave the said receipt to the plaintiff, said Brown was in possession of other property, and of sufficient value, which might have been attached, and would have been attached, if said Field had asserted his right to the paper described in said receipt, and had refused to give such receipt ; and if the jury should further find that said Field, when he executed said receipt, knew all the facts and circumstances relating to his title and interest in the property described in the receipt, and the nature thereof, and no new facts in relation thereto had since been ascertained, and, with this knowledge, withheld all notice of his claim to the property, and executed the receipt, it would constitute no sufficient defence for the said Field to show that said property was not, at the time of giving said receipt, the property of said Brown, but was the property of said Field & Phelps. And the jury were further instructed, that if they did not find such facts to be proved, they would consider the evidence as to the ownership of the property, and if they found that the property was not in Brown, they should return a verdict for the defendant Field.

The jury returned a verdict against Field. New trial to be granted, if the above instructions, so far as they were adverse to said Field, were erroneous ; otherwise, judgment to be rendered on the verdict.

This case was argued at the last September term.

*Porter*, for Field.

*Wells*, for the plaintiff.

DEWEY, J. It has been repeatedly decided by this court, that it is competent for an officer against whom a suit is instituted for not levying an execution upon property attached on mesne process, to show in his defence that the property, returned as

attached, was in fact the property of a third person.  *Denny* v. *Willard*, 11 Pick. 519.  *Canada* v. *Southwick*, 16 Pick. 556. The same principle has been extended to the case of a receiptor of property thus attached, when an action has been instituted upon his receipt, for the benefit of the attaching creditor. *Learned* v. *Bryant*, 13 Mass. 224.  Questions of this nature have more usually arisen in cases where the persons giving such receipt for the property, accompanied with a promise to deliver the same to the officer on demand, have not themselves claimed any interest in the property, but have rested their defence upon showing that the judgment debtors had no legal title or interest in the goods attached, the same being in some third person.  In the present case, the party giving such receipt, places his defence to an action against him for not delivering the property, agreeably to the terms of the receipt, upon the ground that at the time of the making of the attachment and giving the receipt, he was in fact the legal owner of the property attached, and that the debtor had no attachable interest therein.

The defendant contends that in such a case, under the decisions of this court, the receiptor, after making a formal delivery of the property, might immediately reclaim it, and appropriate it to his own use ; or if he omits to make such delivery of it, when demanded, he is only liable to nominal damages.

In the case of *Johns* v. *Church*, 12 Pick. 557, cited by the defendant's counsel, it was held that the giving of such receipt did not preclude the receiptor from asserting his title to the property, as owner thereof, and reclaiming the same, by a suit at law, after he had made a formal delivery of it to the officer upon his demand upon the receipt given to him.  But it appears from the facts stated in that case, that the creditor, before making his attachment, had notice of the claim of the receiptor, and that he asserted the right of property in the articles attached to be in himself and not in the debtor.

In the case of *Bursley* v. *Hamilton*, 15 Pick. 40, it was also held, in an action against a receiptor for non-delivery of the articles attached, that he might show in evidence that he was the real owner of them at the time of the attachment, and that he

might avail himself of this defence, so far as to preclude the plaintiff from recovering any thing more than nominal damages. It does not appear, in that case, that the creditor had lost any other opportunity of acquiring security for his debt, or had otherwise been damnified in consequence of the giving of such receipt by the defendant.

These cases undoubtedly establish the position advanced by the defendant's counsel, so far as to allow the receiptor to set up a right of property in himself under certain circumstances. They show that the receiptor of property attached is not in all cases estopped to assert his right of property in the articles attached, by reason of having executed such accountable receipt for the same to the officer. But there is a broad and marked distinction between the cases above cited and the case before us. There are several material facts found in the present case, which are not disclosed in either of those cases : 1. That the defendant, at the time when he executed the receipt, knew all the facts and circumstances relating to his own interest in the property attached : 2. That the defendant made no disclosure of such interest, nor any assertion of title to the property in himself : 3. That Brown, the debtor, was, at the time of the giving of the receipt, in possession of other property of sufficient value to secure the debt ; which property might and would have been attached by the officer, if the defendant had asserted his title to the property described in the receipt, and had refused to give such receipt to the officer. These facts present a very different case from that of a party offering to show a mistake of facts under which a promise was made or a liability assumed, or that admissions made were in fact erroneous and untrue, and have not been prejudicial to the party now relying upon them.

Nor does the case turn upon the question, how far the mere silence of a party in interest, or an omission to assert his claim to property attached, he being present and having knowledge of the attachment, might operate to discharge any lien he might have on such property, or any interest therein. The present case goes much farther, and connects the party, now asserting title to the property, directly with the attachment, and aiding in

Dewey *v.* Field & another.

apparently rendering it effectual, and thus inducing the officer to rely upon it as adequate security ; concealing, in the mean time, all claim of property in himself in the articles thus attached and receipted for. This, we think, he could not properly do, and especially when the other party has, by reason of such acts of the owner, been induced to forego making an attachment of other property belonging to the debtor, which would have furnished adequate security for the debt. Under such circumstances, the giving of a receipt to an. attaching officer should operate in the nature of an estoppel, and be held sufficient to prevent the party from controverting the debtor's title to the property mentioned in the receipt.

There are many cases in the books, illustrating and applying the general principles bearing upon the case before us. I will refer to one in which, with the general doctrine stated in conformity to the views taken in the defence, there are also distinctly stated the exceptions and limitations upon which our decision rests, in the case at bar. It is *Heane* v. *Rogers*, 9 Barn. & Cres. 577. In the opinion of the court, stated by Bayley, J. it is said, "there is no doubt that the express admission of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence, against him ; but we think he is at liberty to prove that such admissions were mistaken or were untrue, and is not estopped or concluded by them, *unless another person has been induced by them to alter his condition ;* in such a case, the party is estopped from disputing their truth with respect to that person and those claiming under him, and that transaction." The principle thus stated is, we think, sound, and the present case falls within the exception. See also 1 Saund. Pl. & Ev. 44, 46, and cases there cited.

The result to which we have come is, that the instructions to the jury were correct, and that judgment must be entered upon the verdict.*

---

* See *Pitt* v. *Chappelow,* 8 Mees. & Welsb. 6l6. *Sanderson* v *Collman,* 4 Scott N. R. 638. *Dezell* v. *Odell,* 3 Hill, 215.