CHARLES HARRISON, Survivor, etc., Respondent, v. ANDREW
J. WILKIN, Impleaded, etc., Appellant.

An action was brought by a corporation to recover possession of personal
property, in which a claim for the immediate delivery of the property was
made, a receiver of the corporation was subsequently appointed and was
substituted as plaintiff in its stead; judgment was rendered in favor of
defendant, in the usual form for a return of the property or for its value,
and execution was issued thereon, which was returned unsatisfied. In
an action upon the undertaking given by said plaintiff upon such claim,
*held,* that defendant could not object that the execution was irregularly
issued, it being against an officer of the court, and issued without leave;
that if the execution was improperly issued it could only be vacated by
motion made for that purpose.

The defendants in the replevin suit stipulated that the property was at the
time of the commencement of that action in their possession. *Held,*
that they were not estopped thereby in the action upon the undertaking.
It is no defense to an action upon such an undertaking, that the property
is in such position that it cannot be reached; the undertaking can only
be satisfied by a re-delivery of the property or by payment of the
judgment.

(Argued *October 1, 1879;* decided *October 14, 1879.*)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of plaintiff, entered upon a verdict.

This action was upon an undertaking executed by defend-
ants as sureties given in an action of replevin, brought by the
Rochester Water Works Company against James Jones,
Henry Jones and Charles Harrison, who were co-partners
and of whom the plaintiff herein is survivor.

Upon a former trial of the action the complaint was dis-
missed; plaintiff appealed to the General Term where judg-
ment was reversed and new trial granted. Defendant Wil-
kin appealed from the order granting a new trial to this
court where the order was affirmed. (69 N. Y., 412.)

The case was again brought on for trial as against defend-
ant Utley and for assessment of damages as to defendant
Wilkin. It appeared that before the trial of the replevin

suit the Rochester Water Works Company failed and a receiver was appointed, who upon application was substituted as plaintiff in its stead. That action was brought to recover a quantity of iron pipe which was then laid in trenches in the city of Rochester. The parties to that action entered into a stipulation, among other things, stating that the property in question was at the time of the commencement of that action in the possession of the defendants therein. Judgment was rendered in the replevin suit in favor of defendant in the usual form for a return of the property or for its value in case a return could not be had. Plaintiff offered in evidence an execution issued upon said judgment with a return thereon to the effect that the property in question could not be found, or returned and that the sheriff could find no property out of which to satisfy the execution or any part thereof. This was objected to as incompetent and immaterial. The objection was overruled and defendant's counsel duly excepted.

*J. C. Cochrane*, for appellants. The judgment and execution being against the property in the hands of the receiver was irregularly issued, and was a mere nullity. (*Hager* v. *Clute*, 17 Sup. Ct. R., 447; Kerr on Receivers, 165; *Noe* v. *Gibson*, 7 Paige, 513; *Rinn* v. *Astor F. Ins. Co.*, 59 N. Y., 143.)

*W. F. Cogswell*, for respondent.

MILLER, J. The principal question in this case was disposed of upon the former appeal to this court,[*] leaving only such additional points as arose upon the last trial.

The point made that the execution was irregularly issued and a nullity, has, we think, no foundation. It rests upon the idea that the receiver, being an officer of the court and in the legal possession of the property, his possession was that of the court, and it was a contempt of the court to issue the execution without leave, and therefore it was void.

[*] 69 N. Y., 412.

Without considering the question whether a receiver who has thrust himself into a litigation should be exonerated from the effect of a judgment obtained against him, it is a sufficient answer to this objection to say that if the execution had been improperly issued, it could only be vacated by a motion made for that purpose upon papers served, which, if need be, might be controverted by the opposite party. Without such papers and proper notice of motion, the court upon the trial was not bound to grant the request of the defendant's counsel to set aside the execution and return as irregular, and there was no error in the ruling in this respect.

There is no force in the objection urged that the effect of the stipulation was to estop the plaintiff. The stipulation established the fact of possession and was to the effect that it should be admitted on the trial that the property was in the possession of the defendants when the action was commenced, and nothing more. It was merely for the purposes of the suit, and it does not establish possession in the defendants in the replevin action at any future time, or at the termination of this action, or operate as an estoppel. It is no answer that the property cannot now be reached, and it is not the fault of the plaintiff that it has been placed in a position beyond his control. The undertaking can only be satisfied by a re-delivery of the property or by payment of the judgment. And unless this is done, the defendants are liable.

The judgment was right, and should be affirmed.

All concur, DANFORTH, J., not voting.

Judgment affirmed.