## CASE, BISHOP & CO. v. D. M. STEELE & CO.

ATTACHMENT; *Claim by Third Person; Estoppel.* Where personal property in the possession of a third person is attached as the property of the defendant, and such third person procures a return of the property to him by giving to the officer a forthcoming bond for the redelivery of the property or its appraised value to the officer, *held,* that such third person is afterward, as between himself and the officer or the plaintiff in the action, estopped from asserting paramount title in himself, or that the property did not belong to the defendant; and this although the third person may have informed the officer and the plaintiff, at the time of the levy, that he, the third person, claimed the property under a chattel mortgage; although he agreed in the bond to return the property only upon the order of the court; although he did not by any express

terms in the bond, but only impliedly, admit that the property belonged to the defendant; and although there may not have been any other property upon which the attachment could have been levied.

*Error from Jewell District Court.*

AT the April Term, 1884, *D. M. Steele & Co.* recovered against *Case, Bishop & Co.* a judgment which they bring here for review. The opinion states the nature of the action, the pleadings, and the material facts.

*C. Angevine,* and *Heron & Case,* for plaintiffs in error.

*R. A. Hanley,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On August 19, 1881, Doty Bros. & Co. were hardware merchants doing business at Mankato, Jewell county, but were insolvent. Among their creditors were D. M. Steele & Co., and Case, Bishop & Co. On that day they executed to Case, Bishop & Co. a chattel mortgage on their entire stock of hardware. This was all the property they owned subject to the payment of debts, and they mortgaged the same to secure the sum of $2,500, which they owed to Case, Bishop & Co. The mortgage was duly filed in the office of the register of deeds, and Case, Bishop & Co. took possession of the property on the same day. On August 29, 1881, D. M. Steele & Co. commenced this present action in the district court of Jewell county against Doty Brothers & Co. for the amount of their claim, to wit, $103.46, and caused an order of attachment to be issued in the action, which order of attachment was levied by the sheriff of Jewell county upon certain barbed wire, which was then in possession of Case, Bishop & Co., and was a part of the stock of hardware mortgaged by Doty Bros. & Co. to Case, Bishop & Co. On September 19, 1881, Case, Bishop & Co. executed and delivered to said sheriff, who then had the barbed wire in his possession, a forthcoming bond, with the following condition, to wit: "Now, if said Case, Bishop & Co. shall hold said property and return the same, or the appraised value thereof, if the court so order, and com-

ply with the orders and judgments of the court in relation thereto, then this bond shall be void; otherwise in full force.'' The sheriff, in pursuance of this bond, redelivered the barbed wire to Case, Bishop & Co. Afterward Case, Bishop & Co. filed an interplea in the action, under chapter 138 of the Laws of 1877, (Comp. Laws of 1879, ch. 80, ¶¶ 3567, 3568,) claiming that they were entitled to the attached property under their chattel mortgage. The plaintiffs, D. M. Steele & Co., answered to this interplea, setting forth, first, a general denial; second, that the mortgage was fraudulent; third, that Case, Bishop & Co. were estopped from claiming the property by reason of their having given the aforesaid forthcoming bond. Afterward, judgment was rendered in the principal case in favor of D. M. Steele & Co. and against Doty Bros. & Co. for the amount claimed. Afterward, a trial was had upon the issues presented by the interplea of Case, Bishop & Co. and the answer thereto of D. M. Steele & Co. before the court, without a jury, and the court made special findings of fact and conclusions of law, and held that the giving of the aforesaid forthcoming bond estopped Case, Bishop & Co. from claiming any title to or interest in the attached property. Judgment was rendered in favor of D. M. Steele & Co. and against Case, Bishop & Co. for the property; and to reverse this judgment, Case, Bishop & Co. bring the case to this court.

The statute under which the bond was given reads as follows:

"SEC. 199. The sheriff shall deliver the property attached to the person in whose possession it was found, upon the execution, by such person, in the presence of the sheriff, of an undertaking to the plaintiff, with one or more sureties, resident in the county, to the effect that the parties to the same are bound, in double the appraised value thereof, that the property, or its appraised value in money, shall be forthcoming to answer the judgment of the court in the action; but if it shall appear to the court that any part of said property has been lost or destroyed by unavoidable accident, the value thereof shall be remitted to the person so bound." (Civil Code, § 199.)

It has already been held by this court that the giving of a redelivery bond or a forthcoming bond by a person in whose possession property is found, to an officer who had levied upon the property, creates such an estoppel against the party giving the bond that he cannot afterward assert paramount title in himself, or deny that the property belonged to the person to whom the officer asserted that it belonged when he levied upon it. See the following cases: *Sponenbarger v. Lemert,* 23 Kas. 55; *Haxtun v. Sizer,* 23 id. 310; *Wolf v. Hahn,* 28 id. 588. But while Case, Bishop & Co. admit the authority of the foregoing cases, they deny their applicability to the present case, and claim that they differ essentially from the present case in the following particulars:

"1. There is no admission in this bond that the property is the property of Doty Bros. & Co., and no unconditional promise to return it to the officer.

"2. Doty Bros. & Co. had no other property subject to levy, and therefore D. M. Steele & Co. have not been induced to change their condition, could not have levied on anything else, and are not injured by permitting the truth to be proved.

"3. The attorney for D. M. Steele & Co. and the sheriff who made the levy were informed of the nature and extent of the claim of the plaintiffs in error before the levy was made."

While the foregoing cases may perhaps not be wholly decisive that the claim of estoppel urged in the present case is good, yet still they lend great support to it. So also do the following cases: *Dezell v. Odell,* 3 Hill, 215; *The People v. Reeder,* 25 N. Y. 302; *Cornell v. Dakin,* 38 id. 353; *Diossy v. Morgan,* 74 id. 11; *Gray v. MacLean,* 17 Ill. 404; *Foltz v. Stevens,* 54 id. 180; *Dorr v. Clark,* 7 Mich. 310; *Burk v. Webb,* 32 id. 173; *Jones v. Peasley,* 3 G. Greene, 52; *Easton v. Goodwin,* 22 Minn. 426; *Staples v. Fillmore,* 43 Conn. 510; *Bursley v. Hamilton,* 32 Mass. 40; *Dewey v. Field,* 45 Mass. 381; *Colwell v. Richards,* 75 id. 374; *Drew v. Livermore,* 40 Me. 266; *Harris v. Morse,* 49 id. 432; *Potter v. Sewell,* 54 id. 142; *Horn v. Cole,* 51 N. H. 287; *Hanness v. Bonnell,* 3 Zab. 159.

There are many authorities upon the other side of this

question, which announce a doctrine similar to that claimed by the plaintiffs in error, Case, Bishop & Co. They cite the following, among others: *Blevin v. Freer*, 10 Cal. 172; *Adams v. Fox*, 17 Vt. 361; *Heath v. Keyes*, 35 Wis. 668; *Perry v. Williams*, 39 id. 339; *Williams v. Morgan*, 50 id. 548; *Morse v. Hurd*, 17 N. H. 246.

See also the following cases as having some application to to this case: *Fisher v. Bartlett*, 8 Me. 122; *Lathrop v. Cook*, 14 id. 414; *Sawyer v. Mason*, 19 id. 49; *P. B. Cor. v. Wilkins*, 27 id. 345; *Learned v. Bryant*, 13 Mass. 224; *Robinson v. Mansfield*, 30 id. 139; *Barron v. Cobleigh*, 11 N. H. 557; *Harrison v. Wilkin*, 78 N. Y. 390; *Jones v. Gilbert*, 13 Conn. 507; *Dayton v. Merritt*, 33 id. 184.

The authorities are so conflicting upon the question now under consideration, that perhaps it would be better not to attempt to follow them, or to harmonize them, but to decide the case upon first principles and our own statutes. And following reason and our own statutes, and what we consider to be the weight or preponderance of authority, we think we should hold that the obligors of the bond in the present case are estopped from asserting paramount title in themselves, or from asserting that the title is not in the persons in whom the sheriff asserted it to be when he levied upon the property. When Case, Bishop & Co. gave the forthcoming bond, they virtually *admitted*, by giving such bond, that the property belonged to Doty Bros. & Co., and was subject to the levy made upon it by the sheriff, and virtually *abandoned* all claim which they might have had to the property under their chattel mortgage; otherwise, they should not have given the bond, but should at once have filed their interplea, or commenced an action of replevin for the property, or commenced an action in the nature of trover for damages. They also agreed to return the property, or the appraised value thereof, to the sheriff. It is true that they inserted in the bond the condition that they would return the property, etc., "if the court so order;" but this is substantially just what the law requires in all cases. It is only by virtue of an order

*Attachment; claim by third person; estoppel.*

or judgment of the court, that the property is required to be returned in any case. If the plaintiffs in the principal action should not recover a judgment against the defendants, the court would not order the property to be returned, and there would be no necessity for a return, and the obligors would be allowed to retain it.

It is also stated that Doty Bros. & Co. had no other property subject to levy. But how could that be known? And should that fact bind the sheriff and the plaintiffs in the action? Should the officer and the plaintiffs in the action, in order to hold the obligors liable for a breach of their bond, be compelled to show that the defendants had other property? They might have other property in some other county or state, and if they had, should the officer or the plaintiffs be compelled to go to the expense of showing it? or would the fact of the defendants having property in some other county or state affect the liability of the obligors on their bond? Would it not be better not to open such a wide field of investigation, for no other purpose than to enable the obligors to violate the conditions of their bond with impunity? When persons give a bond, they should be held to comply with its provisions.

It is also claimed that the obligors of the bond informed the officer and the plaintiffs before the levy was made that the obligors themselves claimed the property under their chattel mortgage. The plaintiffs, however, claimed that this chattel mortgage was void, and the mortgagees themselves tacitly admitted it by executing a bond for the return of the property. If they had been fully satisfied that the mortgage was valid and that they were entitled to the property under it, why did they not at once file their interplea, or commence an action of replevin, or an action in the nature of trover for damages? Besides, after the bond was given and the obligors agreed to return the property, why should the plaintiffs be compelled to hunt up evidence to show that the mortgage was void? Why should they not be allowed to rely upon the condition of the bond that the property or its appraised value would be returned? Why should the obligors be permitted to give a

bond and then be permitted to violate it with impunity? When the obligors gave the bond they virtually abandoned their claim that they were entitled to the property. We think the obligors of the bond should be estopped from denying that the property belonged to the person to whom the sheriff asserted it belonged when he levied upon it, and when the bond was given. Bonds are not made to be violated with impunity. Bonds should mean something; and when parties execute them, they should intend to fulfill them. If they bind themselves to return the property or its appraised value, they should do so. They should not be allowed to get the possession of the property by agreeing to return it or its appraised value when they never intend to return either. Parties should act in good faith; but if they do not, then the laws should be such as to compel them to do so.

The judgment of the court below will be affirmed.

All the Justices concurring.