No. 18,630.

THE BOWLES LIVE STOCK COMMISSION COMPANY, *Appellant*, v. GEORGE H. TATE, Jr., et al., *Appellees*.

SYLLABUS BY THE COURT.

EXECUTION—*Levy—Terms of Forthcoming Bond—Liability of Sureties—Estoppel.* The terms of a bond executed by third persons claiming cattle seized on execution and the conduct of such persons in procuring the sheriff to accept the bond and release the cattle considered, and held not to estop them from claiming title to the cattle in a suit by the execution creditor on the bond.

Appeal from Kearny district court; WILLIAM H. THOMPSON, judge. Opinion filed February 7, 1914. Affirmed.

*Fred S. Dunn,* and *H. O. Trinkle,* both of Garden City, for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* both of Dodge City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was brought by the plaintiff to recover from the defendants on a bond executed by them to secure the return of certain cattle to the sheriff of Ford county or the satisfaction of an execution in favor of the plaintiff on which the cattle had been seized, under stated conditions. The defendants recovered and the plaintiff appeals.

The execution was issued on a judgment in favor of the plaintiff against J. H. Allen, A. P. Allen and Mary A. Bartlett. The cattle were in the possession of the Allens when seized, but were claimed by the defendants who, after the levy, induced the sheriff to surrender the cattle to them upon the execution of the following bond:

"Whereas, the Bowles Live Stock Commission Company has procured a judgment in a civil action in the above entitled court against J. H. Allen, A. P. Allen

and Mary A. Bartlett, which now amounts to the sum of $1038.54, and whereas an order of attachment or execution has been issued in said action and certain property, namely 385 head of 4 and 5 year old steers and 300 cows and calves, all being in the care of G. H. Wakeman in the County of Ford, State of Kansas, and 367 head of 4 and 5 year old steers being in the possession of F. C. Hodges in Ford County, Kansas, which said property belongs to H. C. Day, F. P. McAlister, George H. Tate and H. K. Biehn has been levied upon, and whereas said sheriff of Ford County, Kansas, is about to sell and dispose of said property for the purpose of satisfying said execution.

"Now, we the undersigned, residents of Kearny County, Kansas, and Ford County, Kansas, bind ourselves to said Bowles Live Stock Commission Company, plaintiff, in the sum of $2200.00, being double the claim of said plaintiff, including costs; that said property or a sufficient sum of money to satisfy the claim of plaintiff together with the costs of this action shall be forthcoming to answer such judgment of said court in said action in case it shall be found that plaintiff is entitled to hold the property hereinabove described or any portion or part of it."

The sheriff returned the bond with the execution. The defendants filed a motion in the original action against the Allens claiming the property and setting forth the facts on which the claim was based, but the plaintiff objected to trying the right of property on the motion. The sheriff demanded a return of the cattle, which was not complied with, and the plaintiff then sued the defendants for the sums of money specified in the execution.

The answer of the defendants consisted of an assertion of title to the cattle substantially the same as that contained in the motion in the original case. A demurrer to the answer was overruled, and upon a trial by the court, without a jury, judgment was rendered as stated.

The plaintiff cites the familiar cases relating to the interpretation of forthcoming bonds and the admission

of title and the equitable estoppel usually attending such instruments. In this instance the recitals of the bond disclose that it was not given on behalf of the execution debtors or for their benefit, and exclude an admission of title in the execution debtors by an express declaration of ownership in the defendants. Indeed this declaration and the concluding portion of the bond that the property or money to satisfy the plaintiff shall be forthcoming, "in case it shall be found that the plaintiff is entitled to hold the property," characterize the instrument and show that it was substituted for the property in the sheriff's hands until an adjudication of the right to hold the cattle under the execution could be had. Upon the face of the bond neither admission nor estoppel arises precluding the defendants from demanding such an adjudication as a condition of liability.

The sheriff testified that he was advised by the defendants that he had authority to accept the bond under a provision of the statute authorizing a sheriff to take security from an execution defendant for the return of goods, or their value, seized on execution and remaining in his hands unsold for any reasonable cause. (Civ. Code, § 448.) The plaintiff argues that this advice to the sheriff, resulting in an acceptance of the bond and delivery of the cattle to the defendants, made the bond an ordinary forthcoming bond under the statute, whatever its recitals may be, so far as the defendants are concerned. It appears, however, from the testimony of the sheriff that the defendants were speaking of the regularity of his official conduct and not of the nature of the instrument and that they agreed to protect him should they be mistaken. Besides this, there is no evidence that the plaintiff adopted the bond and brought suit upon it because of this conversation with the sheriff. Consequently an arbitrary meaning and purpose should not be forced upon the instrument unless justice to the plaintiff plainly demands it.

It is shown to this court by the record of the original suit, and the record is not disputed, that the defendants sought to bring about an adjudication of their claim to the cattle but that the plaintiff objected to the form of the proceeding. But for this objection the facts stated in the motion filed might have been denied, or more formal pleadings framed, a jury called, and the issue determined precisely as if the defendants had brought an action of replevin, and at a great saving of costs. At the trial the plaintiff voluntarily chose to stand on its demurrer to the answer, offered no evidence in opposition to the defendants' proof of title, and consequently can not dispute the fact that the cattle were not subject to seizure to satisfy the execution in the sheriff's hands. This being true, there is nothing in the conduct of the defendants on which to found estoppel, which must rest upon a basis of equity and good conscience. Let it be conceded that the defendants did not pursue the orthodox method of protecting their rights. It does not follow that the law obliges them to give up their cattle to satisfy a judgment against the Allens. Unless the plaintiff has been prejudiced in some substantial way it is not material that the course pursued was irregular.

The bond should be given the natural effect indicated by its terms, which is that it stood in place of the cattle until the defendants' right to them could be adjudicated. Having endeavored to bring about a prompt adjudication, the defendants are not chargeable with attempting to secure an undue advantage by securing possession of the property. Whether the sheriff was authorized to take the bond or not, the plaintiff adopted it, and it became a valid and binding obligation according to its tenor. Liability on the bond depended upon who owned the cattle. That fact having been determined adversely to the plaintiff, the judgment of the district court must be affirmed, and it is so ordered.