No. 21,758.

OMER D. SMITH, Trustee of the Estate of CHARLES D. EBY, Bankrupt, Substituted for HENRY P. HILLIARD, Receiver of The American National Bank of Fort Smith, Ark., *Appellant,* v. C. D. EBY et al., *Appellees.*

### SYLLABUS BY THE COURT

1. ATTACHMENT—*Ownership of Attached Property—Evidence.* The decision of the trial court that the ownership of attached property was in the intervener, and not in the attachment debtor, is held to be sustained by sufficient evidence.

2. SAME—*Right of Intervener to Give Forthcoming Bond.* The giving of a bond by the intervener for its own benefit, conditioned that the attached property or its appraised value in money shall be forth-

coming to answer the judgment of the court, did not estop it from demanding an adjudication of the ownership of the attached property.

Appeal from Osborne district court; RICHARD M. PICKLER, judge. Opinion filed February 8, 1919. Affirmed.

N. J. Ward, of Belleville, for the appellant.

R. M. Anderson, of Beloit, for the Appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an attachment proceeding, in which certain equipment intended for use in the construction of railroads, including horses and mules, was seized. The plaintiff insisted that it was the property of C. D. Eby, a debtor of plaintiff, while the defendants claimed it to be the property of the Eby Construction Company, and not subject to attachment for the debts of C. D. Eby. The ownership of the property was the principal question submitted to the trial court, which found that the Eby Construction Company was the owner, and the decision of this appeal depends upon whether there is evidence to sustain the finding and judgment of that court.

It appears that C. D. Eby borrowed money from the plaintiff bank in 1903, which was used in a mining enterprise, and the note then given was renewed from time to time and payments were made thereon. C. D. Eby denies liability on the notes, but that question is not in issue here. In 1904 and 1905, C. D. Eby was engaged in railroad work in partnership with the Stockers, the father and brother of his wife. This partnership was dissolved, and later, in 1909, C. D. Eby was solicited by his brother S. G. Eby to join him in some railroad construction and in the purchase of a grading outfit which was for sale. C. D. Eby undertook to raise the money for this purpose, and there is testimony which indicates that he failed in the attempt, and that his wife, Mrs. A. M. Eby, procured the money and went into the enterprise with S. G. Eby, under the firm name of Eby Brothers. None of the money for the project was furnished by the plaintiff bank, and it had no connection with the business of the firm or of the construction company. This business was conducted by the Ebys

until 1912, when the Eby Construction Company was organized. Mrs. A. M. Eby took about one-half of the stock, and S. G. Eby most of the remainder. This company contracted to build a section of the Salina Northern Railroad, and while engaged in that enterprise Mrs. Eby purchased the stock of S. G. Eby, and he retired from the company. Later the attachment in question was levied on the grading outfit as the property of C. D. Eby.

The contention is that while Mrs. A. M. Eby procured money and invested it in the business of the firm and the corporation, it was obtained and furnished for her husband, and that all the time he was the owner, and managed and carried on the business as owner, and not as agent for his wife. Much testimony was taken, and some of it tends to support the theory and contention of the plaintiff, but there is a great deal of testimony that tends to uphold the claim of the defendant and the finding of the trial court. It goes to show that in 1909, when the business was started, she put in $1,500 of money which she borrowed on collateral owned by her; that later she put in $2,000 obtained from the sale of her property; and that at another time, when there was need of more money in the enterprise, she borrowed $1,500 from a brother and invested it in the business. At one time she got from her father, who was a man of considerable wealth, $975, which went into the business. It is claimed that C. D. Eby was obligated in part for some of the money borrowed by her, and further that some of the earnings of the business was used to pay these obligations. A great volume of testimony has been produced on the question of ownership, and much of it is very conflicting in character. It is not practical, and indeed would not be useful, to recite it at length in an opinion. Careful consideration has been given to it, and we have concluded that it is sufficient to support the finding of the court that the attached property was owned by the Eby Construction Company, and that C. D. Eby had no interest in it.

There is a further claim that the defendant company is estopped by the action of the company in giving a bond conditioned that the property attached or its appraised value in money shall be forthcoming to answer the judgment which the court may render. The construction company, as we have

seen, intervened in the case brought against the attachment
debtor, claiming to be the owner of the property. When it
was attached, Mrs. A. M. Eby, the president of the company,
notified the sheriff that C. D. Eby had no interest in the
property, and that it belonged to the company. Insisting on
ownership, the bond was given so as to hold the property and
avoid unnecessary expense of maintenance until the ques-
tion of ownership was adjudicated. It was not given in be-
half of the attachment debtor, but for its own benefit and as
a substitute for the property which the sheriff had seized.
Under these circumstances, the giving of the bond did not
mislead the creditor, nor did it estop the company from de-
manding an adjudication of the ownership of the property.
(*Commission Co. v. Tate,* 91 Kan. 538, 138 Pac. 602; *Com-
mission Co. v. Hicks,* 92 Kan. 922, 142 Pac. 276.)

Finding no material error in the record, the judgment is
affirmed.