Edward K. Van Almkerk, Respondent, *v.* H. C. S. Motor Sales Corporation and Another, Defendants, Impleaded with National Surety Company, Appellant.

Fourth Department, March 12, 1924.

**Replevin — action on undertaking — owner of garage at which automobile was stored refused to surrender possession on execution issued in replevin action in favor of present plaintiff on ground that it had lien — automobile was subsequently sold by mortgagee from whom plaintiff bought and plaintiff was credited with net proceeds — defendant not liable for full value of automobile but only for actual damages.**

The owner of an automobile which is stored in a garage, who successfully defends a replevin action, is not entitled to recover on an undertaking given in the replevin action, the full value of the automobile on the refusal of the garage owner to deliver it to the constable on execution issued after the termination of the replevin action, which refusal was based on the ground that the garage owner had a lien on the automobile, where it appears that after said refusal the mortgagee of the automobile sold the same and credited the owner with the net proceeds after paying the expenses of the sale and the lien of the garage owner; the owner is entitled to recover from the surety only the actual damages suffered.

Appeal by the defendant, National Surety Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on or about the 19th day of December, 1922, upon the verdict of a jury rendered by direction of the court.

*Thurlow W. Southwick*, for the appellant.

*Luel F. Johnson*, for the respondent.

Sears, J.:

The facts, so far as material upon this appeal, are as follows: Plaintiff was the owner of an automobile which he had purchased

from the Consolidated Finance Company about May 9, 1921. At the time of the purchase he gave notes and a chattel mortgage to secure to that company a large part of the purchase price. The plaintiff took this car to the garage of W. Arthur Lane where he had some work done upon it and where it was stored. While the automobile was at the garage on the 27th of October, 1921, the First Mortgage Bond Corporation of America brought an action against the present plaintiff and another in the City Court of Rochester, Civil Branch, for the possession of the car. A requisition for the possession of this car was issued by the First Mortgage Bond Corporation of America and the car was seized at Lane's garage but was allowed to remain there. This replevin suit was tried and on December 16, 1921, judgment was granted in favor of the present plaintiff and against the First Mortgage Bond Corporation of America dismissing that company's complaint on the merits and adjudging that the present plaintiff have and recover from that company the possession of the automobile or the sum of $1,800 if a recovery thereof could not be had, and also $16.80 costs. In this replevin suit the defendant in this case, on October 27, 1921, delivered its undertaking by the terms of which it undertook and became bound to the present plaintiff in the sum of $3,600 for the prosecution of the action by the First Mortgage Bond Corporation of America and for the return of the automobile to him if possession was adjudged to him, and for the payment to him of any sum which a judge might award to him against the First Mortgage Bond Corporation of America. On the 4th of April, 1922, execution upon this judgment of the City Court of Rochester was issued by the present plaintiff and was, on the same day, returned unsatisfied. When the constable who had the execution went to Lane's garage, the proprietor refused to give up the automobile because of his lien upon the same. It was shown, however, without objection, that in March or April, 1922, the Consolidated Finance Company, the mortgagee of the car, sold the car under its chattel mortgage and after April 4, 1922, paid Lane's garage charges, amounting to $240.72, and credited the net proceeds of the sale on the present plaintiff's notes. At the close of the evidence plaintiff moved for the direction of a verdict and the defendant moved for a nonsuit, and the court directed a verdict in favor of the plaintiff and against the defendant for the sum of $1,800, saying: " I feel that we are bound by the adjudication of the City Court, and that my decision must be an extension of the verdict there."

The undertaking of the defendant filed in the replevin suit was

to assure the present plaintiff the possession of the car or the payment of its value in case the possession could not be obtained by him.   Inability to deliver possession is not a defense to an action on the bond.   (*Harrison* v. *Wilkin,* 78 N. Y. 390.)   The judgment in the replevin suit is *res judicata* between the parties to that suit and the bondsman, both as to the right of possession and the value of the chattel.   (*Christiansen* v. *Mendham,* 45 App. Div. 554.)   But the undertaking is for indemnity only, and the bondsman may show in defense that the person adjudged to be entitled to the possession has recovered possession, or, where there are several articles, has recovered possession of some of them or has received the value of the articles of which possession has been adjudged to him.   (34 Cyc. 1604.)

In the case before us a *prima facie* cause of action on the bond was made out by showing the return of the execution in the replevin suit unsatisfied; but, when the evidence was closed, it had been shown that the mortgagee of the present plaintiff, before the present action was brought, secured possession and sold the car and that the plaintiff had received credit upon his obligations for the net proceeds of the sale.   The title of the mortgagee came from the present plaintiff.   Its right to possession was dependent upon the act of the present plaintiff in executing the mortgage. In other words, there was privity between the present plaintiff and the mortgagee.   Had the present plaintiff paid Lane for the garage charges and so obtained possession of the car and had the mortgagee then seized the car from him, he certainly could not have maintained an action against this defendant for the full amount of the value of the car but would have been restricted to indemnity for any loss actually suffered by him.   The facts in this case do not differentiate it from such a situation.   The plaintiff here is entitled to recover indemnity for his damages.   These damages, however, do not include the total value of the car.   To hold otherwise would give the plaintiff the full value of the car to be recovered from the defendant and the net proceeds from the sale of the car by the mortgagee as well.

It is not necessary for us to pass on the question as to whether this defense should have been pleaded inasmuch as the evidence to establish it was received without objection.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.