No. 28,003.

JOHN F. NEVINS, *Appellee,* v. CHARLES A. SHEPARD et al., *Defendants;* MRS. RALPH MARSHALL et al., *Appellants.*

(268 Pac. 857.)

Opinion filed July 7, 1928.

*E. R. Sloan,* of Holton, for the appellants.

*Thomas A. Fairchild* and *H. R. Fulton,* both of Holton, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued Charles A. Shepard, a constable of Holton township, Jackson county, and Phil Metzker and Frank Kabance, his bondsmen, to recover the amount named in an execution placed in the hands of Shepard to levy on the property of R. M. Marshall, and sued Mrs. Ralph Marshall (Nellie Marshall) and W. H. Marshall, her bondsman, on a bond given by them to Charles A. Shepard, constable, conditioned for the return of property on which the constable had levied the execution. Judgment was rendered in favor of the defendants, Charles A. Shepard and the sureties on his bond, and against Mrs. Ralph Marshall and W. H. Marshall for the amount named in the execution, interest thereon and costs. There is no appeal from the judgment in favor of Charles A. Shepard and his bondsmen. Mrs. Ralph Marshall and W. H. Marshall appeal from the judgment against them.

The facts disclosed by the evidence were as follows: On April 15, 1924, the plaintiff recovered a judgment before a justice of the peace against R. M. Marshall for the sum of $104.35 and costs taxed at $5.85, with interest at eight per cent from the date of the judgment. On May 14, 1925, execution was issued on the judgment, and on June 15, 1925, the execution was returned wholly unsatisfied. On July 16, 1925, an alias execution was issued, and on July 18, 1925, the execution was levied on a Dodge automobile. On July 18, 1925, Mrs. Ralph Marshall and W. H. Marshall executed to Charles A. Shepard, constable, a forthcoming bond, conditioned that the defendant R. M. Marshall "shall deliver said property to said constable on the 28th day of July, A. D. 1925, at 9 o'clock a. m. at Holton, to be sold on said execution, or will then and there pay said constable the value of said goods and chattels." Mrs. Ralph Marshall claimed the automobile as her property, and on July 28, 1925, the trial of the question of the ownership of the property was continued to July 31, 1925. Other continuances thereafter occurred, and on August 10, 1925, that question was tried, which was followed by a judgment before the justice of the peace declaring the automobile to be the property of Mrs. Ralph Marshall. It was ordered by the justice of the peace to be delivered to Mrs. Ralph Marshall by the constable. From that judgment the plaintiff appealed. So far as the abstract shows that appeal has not been determined. The record does not disclose any disposition of it.

The present action was commenced April 17, 1926, and was tried June 1, 1927. The evidence on behalf of the plaintiff consisted of the judgment before the justice of the peace, which recited the facts hereinbefore stated. The execution issued on that judgment, the return of the execution which showed the levy on the automobile and the forthcoming bond were introduced in evidence. The testimony of Mrs. Marshall tended to prove that she was present in the justice of the peace court on July 28, 1925, and then told the constable where the car was. The court found "that the said defendants, Mrs. Ralph Marshall and W. H. Marshall, are indebted to the said plaintiff in the sum of $130.44, which said sum should bear interest at the rate of 8 per cent per annum from this date," and ordered "that the said plaintiff have and recover of and from the said defendants, Mrs. Ralph Marshall and W. H. Marshall, the said sum of $130.44 with the interest thereon at the rate of 8 per cent per annum from the date of this judgment."

▇ Did the giving of the bond estop Mrs. Ralph Marshall from afterward claiming title to the property? On this question, there are two lines of authority in this state. The original declaration concerning one line is found in *Sponenbarger v. Lemert*, 23 Kan. 55, in which this court said:

"Where a constable, holding an execution, issued in the case of L. v. F., levies on certain personal property as the property of F., and F. and B. afterward gave to the constable a redelivery bond, admitting in such bond that the property belongs to F., and by reason of such bond the constable allows F. to retake possession of the property, *held,* that the constable receives said bond merely as a 'security for his own indemnity,' and that F. and B. are afterwards estopped from denying that the property belongs to F.".

That principle has been recognized or followed in a number of cases since that time. (*Wolf v. Hahn,* 28 Kan. 588; *Case, Bishop & Co. v. D. M. Steele & Co.,* 34 Kan. 90, 8 Pac. 242; *Olson v. Nunnally,* 47 Kan. 391, 395, 28 Pac. 149; *Peterson v. Wollen,* 48 Kan. 770, 30 Pac. 128; *State v. Guaranty Co.,* 81 Kan. 660, 671, 106 Pac. 1040.)

The other line of authority begins with *Dent v. Smith,* 76 Kan. 381, 92 Pac. 307, where this court said:

"Before the acts of one person can be successfully invoked as an estoppel by another, such other must have relied upon and been prejudiced by the acts of which he complains."

In the present action, a constable levied on property claimed by Mrs. Ralph Marshall. If that property was hers, it was not subject to sale under the execution issued against her husband, Ralph

M. Marshall. Giving the bond did not decrease her rights in that property, nor increase the rights of the constable, nor of the plaintiff in the action, to sell that property under the execution. The condition of the constable and of the parties to the action was not changed by the giving of the bond.

In *Commission Co. v. Tate*, 91 Kan. 538, 138 Pac. 602, this court said:

"The terms of a bond executed by third persons claiming cattle seized on execution and the conduct of such persons in procuring the sheriff to accept the bond and release the cattle considered, and held not to estop them from claiming title to the cattle in a suit by the execution creditor on the bond."

In *Commission Co. v. Hicks*, 92 Kan. 922, 142 Pac. 276, is found an exhaustive discussion of estoppel by giving a redelivery bond for property attached. This court there reached the conclusion that the claimant of the property was not estopped by giving the bond.

In *Smith v. Eby Construction Co.*, 104 Kan. 178, 178 Pac. 405, this question was again before this court, and this court said:

"The giving of a bond by the intervener for its own benefit, conditioned that the attached property or its appraised value in money shall be forthcoming to answer the judgment of the court, did not estop it from demanding an adjudication of the ownership of the attached property."

Again, in *Robertson v. Andrus*, 125 Kan. 730, 266 Pac. 53, a thorough discussion of the subject is found, and this court said:

"An intervener in an attachment action is not estopped to maintain her claim of ownership of the property attached by subsequently signing a forthcoming bond in the case as surety."

If there is a conflict between the earlier decisions of this court and the later ones, it must be held that the latter overrule the former.

■ What effect must be given to the finding of the court on the evidence introduced on the trial of the present action? Mrs. Ralph Marshall, so far as the abstract shows, did not introduce any evidence to prove that she was the owner of the property. The evidence of the plaintiff by the recitals of the judgment before the justice of the peace, tended to prove that she was the owner of the property. The burden was on the plaintiff to prove that the automobile was the property of R. M. Marshall when the execution was levied on it. He did not prove that fact. If his evidence proved anything it proved the contrary. It follows that the judgment against Mrs. Ralph Marshall and W. H. Marshall must be reversed.

The judgment is reversed.