WILLIAM A. GRAY v. THE CITY OF EMPORIA *et al.*

1. INSTRUCTIONS, *Refused — Evidence, Not in Record.* Where instructions are requested, upon the part of the plaintiff, and it appears from the record that the court below instructed the jury in the general charge, upon the issues made by the pleadings, and the evidence is not brought up in the record, this court cannot say that it was material error upon the part of the trial court to refuse certain special instructions asked for by the plaintiff.

2. TESTIMONY, *Not Preserved; Error, Not Shown.* Where the testimony is not preserved, this court cannot say that it was error for the trial court to refuse to permit the plaintiff to read certain sections of an ordinance to the jury.

*Error from Lyon District Court.*

THE opinion states the case.    Judgment for the defendants, at the September term, 1887.    The plaintiff *Gray* brings the case to this court.

*Kellogg & Sedgwick*, for plaintiff in error.

*E. W. Cunningham*, city attorney, for defendant in error.

Opinion by GREEN, C.: William A. Gray sued the city of Emporia and H. G. Bonham for an injury received on the 28th of April, 1886, while standing on the sidewalk in front of a store, on one of the principal streets of the city, by the falling of a sign owned by the defendant Bonham, which had

been suspended over the sidewalk. Negligence was alleged upon the part of the city and Bonham. The city answered by a general denial, and that it had no knowledge that the sign was unsafe; and further, that the falling of the sign was caused by an extraordinary wind storm. The defendant Bonham filed a general denial. Trial was had, and a verdict rendered for both defendants; and the plaintiff brings the case here for review.

The contention of the plaintiff is, that the court refused to give certain instructions requested by the plaintiff with reference to the liability of the city as well as Bonham; and further, that the court refused to permit the plaintiff to read in evidence certain sections of an ordinance of the city of Emporia. The evidence is not preserved in the record. The statement of the case-made is, that evidence was offered upon the part of the plaintiff to prove the allegations of his petition, and that the defendants upon the trial introduced evidence tending to rebut the evidence introduced by the plaintiff, and tending to prove that the city had no knowledge or notice that the sign in question was in anywise unsafe, and also tending to prove that the falling of the sign was caused by an extraordinary wind storm, against which no sign could have stood or remained in place. The instructions requested are preserved, as well as the instructions given by the court. The first instruction asked by the plaintiff, and which was refused by the court, reads:

"If the jury believe from the evidence that the sign in question was in a dangerous and unsafe condition at the time of the accident, and had been in such condition for several months prior thereto, and that such condition could have been ascertained by a reasonable examination and inspection thereof, and that no inspection or examination thereof had been made by the city marshal, or street commissioner, or other officer or agent of the city, then and in such a case the city was guilty of negligence in permitting it to so remain suspended over the sidewalk in such unsafe and dangerous condition."

We are inclined to the opinion that this states the rule too strongly against the city. The adoption of this principle

would make it the duty of the officers of the city to make an inspection of all signs in the city, to see whether they were securely fastened or not; and if no examination was made and a party was injured, the city would be chargeable with negligence. Before the court would be warranted in giving such an instruction, it should first appear that the placing of the sign in position over the sidewalk was authorized by the city. We cannot say that it was error for the court to refuse the instruction, for the reason that we do not know that it was applicable to the evidence as presented to the jury.

The next error complained of was in refusing to give the following instruction:

"Cities having the powers ordinarily conferred upon them respecting streets and sidewalks within their limits, owe to the public the duty of keeping them in a safe condition for use in the usual mode of travelers, and are liable in a civil action for injuries resulting from the neglect to perform this duty."

While this general statement of the duty of the city may be correct in the abstract, we think the court, in the second instruction given, stated the law as fully as embodied in the instruction requested by the plaintiff, and may have been more applicable to the facts, as presented to the jury. That instruction is as follows:

"It is the duty of every city of the second class and of the city of Emporia, to use ordinary care to prevent the construction or maintenance of signs which overhang the sidewalks, unless the same are constructed and suspended with ordinary care and skill, considering the dangers of such structures to the public who travel thereunder upon the sidewalks. A failure of the city to exercise this degree of diligence and care would be such negligence as would make it liable for damages which might result therefrom."

We cannot see why this does not state the law as correctly as the instruction requested by the plaintiff, and the court was under no obligations to repeat an instruction applicable to any given phase of the case. (*Deitz v. Regnier*, 27 Kas. 96.)

The next error complained of is in the refusal of the court below to give the following instruction:

"If the jury believe from the evidence that the sign in ques-

tion was in a dangerous and unsafe condition at the time of the accident, and had been in such condition for several months prior thereto, and that such condition could have been ascertained by a reasonable examination and inspection thereof, and that no inspection or examination thereof had been made by the city marshal, or street commissioner, or other officer, or agent of the city, then and in such case the city was guilty of negligence in permitting it to so remain suspended over the sidewalk in such unsafe and dangerous condition."

Again, we think that the court fully instructed the jury upon this feature of the case, in the eighth instruction given; in which the court said to the jury:

"If you believe from the evidence that the sign in question was in a dangerous and unsafe condition at the time of and previous to the injury complained of, and had been in such condition for several months prior thereto, and that such dangerous condition was such as would be apparent upon an ordinary examination and inspection thereof, then it was the duty of the city to have known of such condition, and are chargeable with negligence in permitting it to remain where it was, in such unsafe condition, the same as if the city or its officers had actual knowledge of such condition."

The court is under no obligations to give special instructions in the language asked for. (*Deitz v. Regnier,* supra.)

We pass to the last complaint made by the plaintiff in error, and that is, in the refusal of the court to permit the plaintiff to read §§ 1 and 6 of one of the ordinances of the city. The record discloses the fact that the court did permit the reading of § 7 of an ordinance with reference to signs. That portion of § 6 which is complained of makes it a misdemeanor for "any person to suspend any obstruction over or across any sidewalk or thoroughfare, so as in any manner to interfere with the free passage over the same." There is no evidence to show whether this ordinance was passed before, or after the erection of this sign. The section admitted referred to signs; these sections referred to other obstructions. To have made these sections competent, the evidence should have shown that this sign in question was an obstruction; and there is nothing in the record to show that fact. It would hardly be safe to assume

that this sign was an obstruction upon the sidewalk. Sections 1 and 6 referred to other things than signs as obstructions; and we see no error in the court refusing to permit the reading of these sections.

We have carefully examined the record in this case, the instructions asked for by the plaintiff and refused by the court, and the instructions given by the court, and see no error in the record as presented to us. The evidence not being preserved, we assume that the instructions that the court did give were applicable to the issues joined and to the evidence as introduced at the trial of the case.

There being no error apparent in the record, we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

HORTON, C. J., and JOHNSTON, J., concurring.

VALENTINE, J.: I concur in the decision in this case; but not wishing to be misunderstood, I would say that as the absolute title to all the streets of cities in the state of Kansas is in the public, and no title to such streets is in the abutting lot-owners, and as streets are dedicated or created by condemnation proceedings to be used only as streets, I do not think that any city has the legal right or power to grant to any person any privilege to use the streets for any purpose except as streets — that is to use them only for the purpose of travel and transportation and matters incident thereto, including all the ordinary modes of travel and transportation, ordinary railways, street railways, water, gas, electricity, and perhaps some other things.