ISAAC LIEBERMAN v. J. C. DOUGLASS *et al.*

**No. 11,903.*** (64 Pac. 590.)

CONSTRUCTIVE SERVICE — *Direct Attack Distinguished from Collateral.* Where an affidavit for publication is wholly insufficient in law, and application is made to set aside the constructive service and subsequent proceedings based thereon in the same case, and considered without objection, the proceeding constitutes a direct, and not a collateral, attack on the constructive service and subsequent proceedings.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MC-ELROY, judges. Opinion filed April 6, 1901. *In banc.* Reversed.

STATEMENT.

THIS action, in the nature of ejectment, was commenced on the 28th day of March, 1888, by defendant in error Daisy Wood, against defendants in error Anderson, Saunders, and Bell. Service of summons was made on Saunders. Defendant in error Douglass appeared, and by consent filed an answer and cross-petition. An affidavit for service by publication on Anderson was filed October 10, 1888, which, omitting formal parts, reads as follows:

"N. H. Wood, being duly sworn, says that service of summons cannot be made within the state of Kansas on the said defendant Isaac Anderson, and that this case is one of those mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas.                    N. H. WOOD."

Publication notice was made under this affidavit and proof thereof filed. No service seems to have been made on Bell. On January 22, 1889, trial was

*For opinion of the court of appeals, see 9 Kan. App. 45, 884, 59 Pac. 254, 61 Pac. 313.—REP.

had and judgment for plaintiff entered for the recovery of the property and $200 for rents and profits and costs of action. Upon the same day, upon motion made for that purpose, the judgment was set aside as to defendant Douglass alone, as provided by the statute, and second trial awarded. No further proceedings appear to have been had in the case until the 17th day of December, 1894, when Douglass, by leave of the court, filed his supplemental answer and cross-petition, alleging, among other things, the former proceedings in the case and his acquisition by purchase from plaintiff of all her interest in the property in dispute. On the 3d day of January, 1895, the cause came on for trial, resulting in judgment in favor of defendant Douglass on his cross-petition against plaintiff and his codefendants for the recovery of the property and for the sum of $200 for rents and profits and costs of action.

On the 21st day of February thereafter, plaintiff in error, Isaac Lieberman, having succeeded by purchase and conveyance to all of the interest of Anderson in the property, filed his motion to set aside the service on Anderson and all judgments and orders entered against him in the case. This motion was sustained May 2, 1896, Douglass taking sixty days' time to make a case-made and serve it on Lieberman. On the 27th day of April, 1897, Douglass filed his petition in error, with case-made attached, in the court of appeals. The record does not show service of the case-made on Lieberman or any other party to the action. Nor does it contain any notice of the time or place of settlement or waiver of such notice. It was shown upon the argument, by evidence outside the record, that Lieberman personally served amendments, and the order settling the case recites the

50—62 KAN.

suggestion of amendments by Lieberman and the presence of his counsel at the settlement.

The court of appeals reversed the order of the district court. Upon application of Lieberman, the case has been certified to this court for review.

*John H. Atwood*, and *William W. Hooper*, for plaintiff in error.

*John C. Douglass*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : The affidavit filed in this case for the purpose of obtaining constructive service on Anderson is defective and wholly insufficient in law. This affidavit was made in 1888. The statute then in force read (Gen. Stat. 1868, ch. 80, § 73) :

"Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication."

. This section requires the affidavit to show by proper averment that the case in which constructive service is desired is one of that class of cases in which constructive service is authorized. The allegation in the affidavit "that this is one of the cases mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas" is not such a statement of a fact as is required in the affidavit, but a mere conclusion of law, and renders the affidavit wholly insufficient, under the statute, as a basis upon which constructive service can properly be predicated. This defect in the

affidavit, we think, is fatal. As was said by this court in the case of *Shields v. Miller*, 9 Kan. 390 :

"The law is explicit and peremptory, and there is no way of evading it. The affidavit is the foundation upon which jurisdiction is obtained. The plaintiff has no authority or power to obtain service by publication until after he has filed the proper affidavit. Without the affidavit, the attempted service by publication is a nullity. And without a valid service, every subsequent proceeding, including the judgment, the execution, or order of sale, the sale, and the deed, must necessarily be void."

The court of appeals arrived at the same conclusion, but proceeded with a further consideration of the case upon the assumption that the attack made on the service was in the nature of a collateral and not a direct attack. With this conclusion we do not agree. The final judgment was rendered on the 3d day of January, 1895, in favor of the defendant Douglass, and was expressly based upon this constructive service. The motion of Lieberman to set aside this service and the proceedings based thereon was filed in this case on the 21st day of February, 1895, and at the same term of court at which this judgment was rendered. At the hearing of this motion Douglass appeared and without objection went to trial upon the merits of the motion. It is clear that such proceeding constitutes a direct and not a collateral attack on the constructive service and subsequent proceedings based thereon, and whether such service and proceedings were absolutely void or only voidable is not material. (*Comm'rs of Rice Co. v. Lawrence*, 29 Kan. 158.)

In *People v. Greene*, 74 Cal. 400, 16 Pac. 197, the court held : "A motion to set aside a judgment is a direct and not a collateral attack thereon."

In *People v. Mullan*, 65 Cal. 396, 4 Pac. 348, the

supreme court of California held: "A judgment following a service of summons purporting to be by publication, but which was made without affidavit and order, is void, and a motion to set aside the judgment is a direct and not a collateral attack."

Black, in his work on Judgments, section 324, says: "It is in general good ground for setting aside a judgment that there was no service of process on the defendant, or that the service was materially irregular or defective, provided there has been no waiver of such defects by appearance or otherwise." See, also, *Simcock v. National Bank*, 14 Kan. 529.

The affidavit upon which the service in this case was based being wholly insufficient in law, and the same being challenged in the case by this motion, a direct attack was made on the service and subsequent proceedings, and it follows that the action of the trial court in setting aside and vacating the same was correct and should be affirmed.

The judgment of the court of appeals is reversed and the judgment of the district court affirmed.