D. M. OSBORNE *et al.* v. JACOB SCHLICHENMEIER.

No. 13,409.   (75 Pac. 474.)

SYLLABUS BY THE COURT.

JUDGMENT— *Void for Want of Affidavit for Publication.*  A judgment rendered in an action on service by publication, or personal service of summons outside the state, where there has been no affidavit for publication filed, is void, and will be set aside upon proper and timely application by the defendant.

Error from Geary district court; O. L. MOORE, judge.   Opinion filed February 6, 1904.   Affirmed.

*Thomas Dever*, for plaintiffs in error.

*Roark & Roark*, for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This proceeding is prosecuted to reverse an order of the district court setting aside a personal judgment previously obtained by the plaintiffs in error against the defendant in error.

It appears that D. M. Osborne & Co. obtained a judgment against Jacob Schlichenmeier in the district court of Geary county upon a promissory note. The defendant lived in Jackson county, Missouri. When the action was commenced the plaintiffs filed an affidavit for attachment, upon which an order was issued, and levied upon real estate owned by the defendant in Geary county. No affidavit was filed for service by publication nor personal service had upon the defendant, other than that had by issuing a summons to the sheriff of Jackson county, Missouri, which was served upon the defendant by such sheriff, and returned with an .affidavit thereto showing that the summons had been personally served. The defendant did not appear at the trial nor at any subsequent proceedings, except as herein stated. The cause was tried, a personal judgment rendered against the defendant, and an order made to sell the attached real estate.

The land was sold, and purchased by the plaintiffs. A certificate of purchase having been issued to them, they assigned it to the other plaintiff in error, Mary R. Seymour, who caused the sale to be confirmed and a deed made to her. Within a year thereafter the defendant filed a motion, and served notice upon the plaintiffs and Mary R. Seymour, to set aside the judgment and all proceedings had thereunder, alleging that the court had no jurisdiction of him in the action. After this motion was filed the plaintiffs and Mary R. Seymour made a motion, and filed with it an affidavit for publication, asking that they be permitted to amend or supplement their affidavit in attachment with this affidavit for service by publication. Upon the hearing of this application the defendant refused to appear. The court overruled the motion

and refused to permit the amended affidavit to be filed. Defendant's motion to set aside the judgment and sale of the real estate was sustained, and the deed made by the sheriff to Mary R. Seymour canceled.

It is claimed by the plaintiffs in error that the court erred in overruling their application to amend or supplement their affidavit for service by publication, and also erred in sustaining the defendant's motion. We are of the opinion that the court below was correct in both such rulings. Section 4507, General Statutes of 1901, provides :

"Before service can be made by publication, an affidavit must be filed stating that the defendant or defendants are non-residents of the state of Kansas, and that personal service of summons cannot be had upon said defendant or defendants within the state of Kansas, . . . and showing that the case is one of those mentioned in the preceding section. . . ."

Section 4510 provides :

"In all cases where service may be made by publication, personal service of summons may be made out of the state by the sheriff of the county in which such service may be made : . . . Provided, That such service when made and proved as aforesaid shall have the same force and effect as service obtained by publication, and no other or greater force or effect."

The affidavit for the attachment did not contain sufficient facts to conform to the requirements of the statute as an affidavit for service by publication. Service by publication, without the statutory affidavit, is void, and all proceedings thereunder are also void and may be set aside. (Shields v. Miller, 9 Kan. 390 ; Harris v. Claflin, 36 id. 543, 13 Pac. 830 ; Lieberman v. Douglass, 62 id. 784, 64 Pac. 590 ; Grouch v. Martin, 47 id. 313, 27 Pac. 985.)

The contention that the court erred in overruling

plaintiffs' application to amend or supplement their affidavit by filing an affidavit for service by publication cannot be sustained. This is not a case where there was a defective affidavit for publication or a defective service, but an entire absence of any affidavit for such purpose. There was, therefore, nothing to supplement or amend.

Some contention is made in the brief and oral argument of plaintiffs in error that defendant's appearance to raise the jurisdictional question was a general appearance. We think this is not well taken. His motion was a special appearance and he asked no affirmative relief. He refused to appear on the hearing of plaintiffs' motion to file an amended or supplemental affidavit. His appearance was for the one purpose of raising the jurisdictional question.

The orders and judgment of the court below were correct. The judgment is therefore affirmed.

All the Justices concurring.