GEORGE D. SHORE & BRO. v. BALTIMORE & OHIO RAIL-
ROAD CO.

RAILROADS—INTERSTATE COMMERCE—ATTACHMENT.—A car owned by a
foreign railroad, shipped into this State, loaded with interstate
freight, under an agreement to be unloaded at its destination here,
loaded again with interstate freight and returned in the course of
interstate traffic, cannot be attached in this State at its destination,
before unloaded, in a suit by a resident against the foreign railroad
owning the car. The resident railroad in whose possession the car is
under said agreement may intervene, under section 255a, Code of
Procedure, and have the attachment dissolved.

Before PURDY, J., Sumter, February, 1906.    Affirmed.

Action by George D. Shore & Bro. against Baltimore and
Ohio Railroad Co. From order dissolving attachment on the
motion of the Atlantic Coast Line Co., intervenor, plaintiff
appeals.

*Messrs. Lee & Moise,* for appellants, cite: *The Atlantic
Coast Line R. R. has no right to intervene under sec. 255a
of Code:* 17 S. C., 116, 120; 25 S. C., 467. *The car was not
engaged in interstate commerce when attached, and the rule
invoked by respondent does not apply:* 65 S. C., 526; Aug.
& Ames. on Corp., secs. 640, 641; 4 Cyc., 557; 75 Am. Dec.,
518; 72 Am. Dec., 336; 32 N. H., 484; 17 Ency., 70; 34
L. R. A., 105; 64 L. R. A., 501, 624; 1 Ill. App., 399. *The
respondent could only regain possession under sec. 255a:* 53
S. C., 106; 4 Cyc., 740; 10 W. Va., 130; 4 Strob., 290; 25
S. C., 474.

*Messrs. Willcox & Willcox, Mark Reynolds* and *Henry
E. Davis,* contra. *As to the relation created by the contract
between the two railroads:* 5 Cyc., 161; 94 Am. St. R., 216;
119 Fed. R., 497; Story on Bail., secs. 372, 373a, 394;
Drake on Attach., sec. 245; 2 Black. Com., 453; 2 Rich., 14;
5 Cyc., 171; 7 Ency., 304, 316; 56 Am. Dec., 671; 20 Am.

St. R., 479; 55 Am. St. R., 554; 2 Bail., 470; Story on
Bail., sec. 395; 5 Cyc., 213; 8 Ency., 308; 2 Ency., 61; 26
Am. Dec., 428; 99 Am. Dec., 511; Drake on Attach., secs.
245, 462; 5 Cyc., 210; 49 Am. Dec., 785; 17 S. C., 123; 2
N. & McC., 248; 152 U. S., 596; 4 Cyc., 632; 120 U. S.,
506; 47 Am. St. R., 583; 39 Am. Dec., 608; 100 Am. Dec.,
511; 58 Am. R., 230; 94 Am. St. R., 948; Drake on Attach.,
534; 76 Am. St. R., 176; 94 Am. St. R., 948. *As to the
right of the Atlantic Coast Line to use the car by reason of
interstate commerce:* 9 Wheat., 189; 118 U. S., 557; 136
U. S., 114; 10 Wall, 557; 162 U. S., 184; 12 Wheat., 446;
135 U. S., 100; 165 U. S., 58; 67 S. C., 491; 55 S. C., 244;
140 U. S., 545; 170 U. S., 412, 438; 94 Am. St. R., 959;
7 Cyc., 420.

March 28, 1907. The opinion of the Court was deliv-
ered by

Mr. Justice Jones. The plaintiff brought this action to
recover of the Baltimore & Ohio Railroad Company dam-
ages for failure to promptly deliver a shipment of corn, and
procured a warrant of attachment against defendant as a
foreign corporation alleged to have property in this State.
After giving the notice required by Section 2178, Vol. I.,
Civil Code, the sheriff, under this warrant of attachment,
seized a freight box car, No. 81610, belonging to the Balti-
more & Ohio R. R. Co., while in the possession of the Atlan-
tic Coast Line R. R. Co., and standing on its track at
Sumter, S. C., loaded with hay, which hay had been con-
signed to plaintiff and transported in said car from Galata,
Ill., to Sumter, S. C., by connecting carriers, the Atlantic
Coast Line R. R. Co. having received the same from the
Georgia Railroad at Augusta, Ga. After publication of the
summons and personal service on the defendant at its prin-
cipal office in Baltimore, Md., judgment by default of answer
or appearance was entered for the amount of the claim. The
Atlantic Coast Line R. R. Co., however, intervening under

Section 255a of the Civil Code, appeared at the return of the writ and filed an answer, claiming the right to the possession and use of the car as a bailee for hire under an agreement with the Baltimore & Ohio R. R. Co., known as the Per Diem Agreement of the American Railway Association, the terms of which were set forth in the answer, and further alleged upon the facts stated that the car when attached was engaged in, and was an instrumentality of, interstate commerce and was not liable to be seized under said attachment.

The plaintiffs demurred to the answer on the ground that the facts stated do not entitle the intervener to any relief under Section 255a, and upon this the issue was framed. Judge Purdy, before whom the issue was tried, held, in effect, (1) that the Atlantic Coast Line R. R. Co. had the right to intervene under Section 255a; (2) that the Baltimore & Ohio R. R. Co. could not have taken the car from the possession of the Atlantic Coast Line R. R. Co. until it was unloaded and after the expiration of the time under the agreement to exercise the right to retain the car loaded, and the attaching creditor could have no higher right to do so; (3) that the statute regulating attachment of railroad cars in use cannot be so construed as to authorize attachment of a car of a foreign corporation while in use in this State as an instrumentality of interstate commerce, and accordingly he adjudged that the Atlantic Coast Line R. R. Co. was entitled to the possession of the car in question, with costs. The plaintiff's exceptions in various forms challenge the correctness of these conclusions.

The first question is then as to the right of the Atlantic Coast Line R. R. Co. to intervene under Section 255a.

That section provides: "If the person in whose possession such property shall be attached shall appear at the return of the writ and file his answer thereto, and deny the possession or control of any property belonging to the defendant, or claim the money, lands, goods and chattels, debts and books of account as creditor in possession, or in his own right, or in the right of some third person, or if any part of the said

property be claimed by any other person than such defend-
ant, then, if the plaintiff be satisfied therewith, the party in
possession shall be dismissed, and the plaintiff pay the costs
of his action. But if the plaintiff shall contest the said
return, or the claim of said third person, an issue shall be
made up under the direction of the Judge to try the question,
and the party that shall prevail in said issue shall recover
the costs of such proceeding of the opposite party, and judg-
ment shall be given accordingly. * * *"

As held by the Circuit Judge, the Atlantic Coast Line R.
R. Co., in whose possession the property was attached,
claimed the right to the possession of the property by virtue
of the agreement with the Baltimore & Ohio R. R. Co. The
object of the statute was not merely to allow an intervention
by one in possession of the property claiming absolute
ownership in his own right, but also by one in possession
claiming a right to such possession, a special property inter-
est affected by the attachment. The statute "provides a
mode by which such third persons may retain or regain pos-
session of the property." *Ford* v. *Calhoun,* 53 S. C., 106,
30 S. E., 830. This is not a case in which a party in pos-
session of the property seeks to set aside an attachment for
irregularities, but is a case in which the party in possession
claims that he cannot be deprived of such possession under
attachment proceedings because of the protection of the
interstate commerce law.

The real question, therefore, is whether interstate com-
merce law protects the property from attachment in the
hands of defendant. We agree with the Circuit Court that
it does. This question was attempted to be raised in *Chitty*
v. *Ry. Co.,* 62 S. C., 532, 40 S. E., 944, but the Court did
not pass on it, as the record did not contain the facts upon
which it could be based. This section, however, cannot be
given a construction which would authorize attachment of
property within the protection of a paramount law, such as
interstate commerce. The facts of the case show not only
that the car attached was the car of a foreign corporation in

the possession of the Atlantic Coast Line Railroad Company as bailee for hire, but was an instrumentality of interstate commerce and actually in use as such when attached, being loaded with interstate freight not delivered to the consignee.

In the case of *Wall* v. *Norfolk & Western Ry. Co.,* 52 W. Va., 485, 64 L. R. A., 501, and *Connery* v. *Quincy etc. R. R. Co.,* 64 L. R. A., 624, the question raised here was fully considered and the conclusion reached that by reason of the commerce clause of the Federal Constitution and the interstate commerce act of Congress, a railroad car sent loaded from one State into another and to be returned loaded to the former State in the transaction of interstate commerce cannot be attached in the latter State. The reasons upon which these cases rest are so fully and clearly stated therein and so meet our approval, that we content ourselves with a reference to them.

The judgment of the Circuit Court is affirmed.