No. 19,668.

FRED S. DYE, *Appellee*, v. THE DENVER & RIO GRANDE RAILROAD COMPANY (THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Interpleader, *Appellant*).

### SYLLABUS BY THE COURT.

ATTACHMENT—*Rolling Stock of Foreign Railroad—Right of Possession in Domestic Railroad.* Where a domestic railroad receives a cattle car from a foreign railroad in another state under custom, rules and contract by which the domestic road carries the car loaded to its destination in this state and unloads it, and must return the car promptly to the foreign road but may load it on its return trip, paying a per diem for the use of the car, the right of the domestic road to the use of the car is superior to the right of an attaching creditor of the

foreign road; and such right of the domestic road is not waived by its local agent requesting the sheriff to remove the car from the tracks of the domestic road when he levies the attachment, and by setting the car on stub tracks so as to be under the control and dominion of the sheriff under the orders of the court.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed December 11, 1915. Reversed.

*William R. Smith,* of Topeka, *William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellant.

*Edgar Foster,* of Garden City, and *B. L. Hart,* of Lakin, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment of the district court refusing to discharge an attachment. The plaintiff caused an attachment to be levied on a Denver & Rio Grande cattle car standing on the tracks of the Atchison, Topeka & Santa Fe Railway Company at Garden City, Kan. The Santa Fe moved to discharge the attachment, and on this being denied filed an interplea, upon which issue was joined, trial was had, and judgment was rendered thereon in favor of the plaintiff. The Santa Fe, still claiming the car, then gave the sheriff a forthcoming bond for the car, and appealed.

Several questions are presented. We will notice but one of them, because the disposition of that question determines the judgment that must be rendered. The car in question left Cameron, Colo., on the Denver & Rio Grande railroad, on December 18, loaded with coal destined for Alamota, Kan. It was moved from Cameron to Trinidad, where it was delivered to the Santa Fe, and was then moved to Garden City, thence north to Scott City, thence east to Alamota. It was returned to Garden City on December 26, where it was received empty, and was attached on that day. It was then covered by regulation railroad empty slip billing, routed to the Denver & Rio Grande at Trinidad, Colo. It was held at Garden City to wait for a load on its further return trip west. The car came to the Santa Fe under car service rules. Under these rules the car must be returned promptly. It might be returned loaded. While the car was held by the Santa Fe, it must pay to the Denver & Rio Grande forty-five cents per day for the

use of the car. Does this interest of the Santa Fe in the car defeat the attachment?

A leading case on this question is *Southern Grain Co. v. Northern Pac. Ry. Co.,* 127 Ga. 626, 56 S. E. 742, 9 L. R. A., n. s., 853, 9 Ann. Cas. 437. In the headnotes in 9 L. R. A., n. s., 853, we find this:

"Where a railroad company of this state receives from a railroad company in another state a car, under a contract by which the domestic company has the right to carry the car loaded to its destination in this state and unload it, and then to reload and return it to the owner beyond the limits of this state, paying for the use of the car, the right of the domestic company to the use of the car is superior to the right of an attaching creditor, who, without any other lien, seeks to subject the car to attachment by service of the summons of garnishment upon the domestic company; and, in the absence of appropriate equitable pleadings in a court with jurisdiction to render affirmative equitable relief, such car is not subject to the process of garnishment." (¶ 1.)

The headnote to *Wall v. Railroad Co.,* 52 W. Va. 485, 44 S. E. 294, as found in 64 L. R. A. 501, reads:

"One railroad company has an agreement with another by which loaded cars of the one are to be received at connecting points by the other, and hauled over its line to the destination of load of the car, and then be reloaded with other freight by the receiving company on its line, and carried over its line, and returned loaded to the railroad of the owner of the cars; the receiving company compensating the owning company for such use of the cars. Such cars can not be seized under an attachment against the company owning the cars, so as to defeat the rights under such arrangement or contract of the company receiving and entitled to so use the cars, and a garnishment of the receiving company cannot affect its rights under such arrangements by reason of its possession of such cars." (¶ 3.)

Other cases to support the principle above set forth are: *M. C. R. R. Co. v. C. & M. L. S. R. R. Co.,* 1 Ill. App. 399; *Shore & Bro. v. Railroad,* 76 S. Car. 472, 57 S. E. 526; *Seibels v. Railway Co.,* 80 S. Car. 133, 61 S. E. 435; *Johnson v. Union Pacific Railroad Co.,* 29 R. I. 80, 69 Atl. 295; *Connery v. Quincy, Omaha & Kansas City R. Co.,* 92 Minn. 20, 99 N. W. 365, 64 L. R. A. 624; *Johnson v. Union Pac. R. Co.,* 145 Fed. 249. We have been unable to find any decision to the contrary on this question. This establishes the right of the Santa Fe to hold the car as against the attachment.

At the time the attachment was levied, E. W. Roberts, the Santa Fe agent at Garden City, requested the sheriff to remove

the car from the Santa Fe tracks, and after some days re-
peated the request.   The car was permitted to remain on the
tracks and was finally placed on a stub track, where it re-
mained until the termination of this litigation in the district
court.   Did the Santa Fe by its conduct waive its right to the
possession and control of the car, as against the plaintiff in
this action?   Every act of the Santa Fe, including the request
of its agent that the sheriff remove the. car from its tracks,
was entirely consistent with good faith in holding the property
subject to the order of the court, and with the contention that
it had such an interest in the property as would defeat the at-
tachment.   That contention was insisted on in the motion to
discharge the attachment, in the interplea, and in the forth-
coming bond.   The giving of the bond after judgment on the
motion, and interplea, did not waive any right of the Santa Fe.
· (*Commission Co. v. Tate,* 91 Kan. 538, 138 Pac. 602; *Commis-
sion Co. v. Hicks,* 92 Kan. 922, 142 Pac. 276.) It does not
appear that the agent had authority to dispose of or waive any
of the property rights of his principal.   We are of the opinion
that this car was not subject to attachment while in the posses-
sion of the Santa Fe, and that the railway did not waive its
right to hold the car.

The judgment is reversed and the attachment is discharged.