No. 20,889.

FRED S. DYE, *Appellee*, v. THE DENVER & RIO GRANDE RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. SERVICE BY PUBLICATION—*Motion to Set Aside Sustained—Motion for Rehearing Filed and Continued—Jurisdiction Not Lost.* Where a motion to set aside the service on the defendant is sustained, and a motion for a rehearing of the question is filed, the court by continuing the hearing of that motion to the next term may preserve jurisdiction to correct an error in its earlier ruling.

2. SAME—*Sufficient Affidavit—Garnishment.* An affidavit for service by publication, based upon garnishment proceedings, held sufficient.

3. SAME—*Answer Filed to Merits—Jurisdiction to Render Personal Judgment.* Where an objection to service by publication in a case begun by garnishment is properly overruled, jurisdiction to render a personal judgment against the defendant, after a trial on the merits, is conferred by his filing an answer, notwithstanding the right to review the ruling on the objection was preserved.

4. SHIPMENT OF STOCK—*Damages—Finding—General Verdict.* The special finding in an action against a railroad company for damages to live stock in shipment held not to require a judgment contrary to the general verdict.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed November 10, 1917. Affirmed.

*William Easton Hutchison, C. E. Vance,* both of Garden City, and *E. N. Clark,* of Denver, Colo., for the appellant.

*E. R. Thorpe,* of Lakin, and *Edgar Foster,* of Dodge City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Fred S. Dye sued the Denver & Rio Grande Railroad Company for damages resulting from injuries to horses in transit, obtaining jurisdiction by attachment and garnishment. The attachment upon a prior appeal was held to be ineffective. (*Dye v. Railroad Co.,* 96 Kan. 676, 153 Pac. 502.) The defendant, after the overruling of various objections to the jurisdiction made upon a special appearance, filed an answer. A trial resulted in a general judgment against it for the amount of the claim, and it appeals. No motion for a new trial was filed, and the defendant relies wholly upon jurisdictional questions, and upon the proposition that it is entitled to a judgment in its favor upon the findings of fact made by the jury.

1. A motion to set aside the service by publication was at first sustained by the court. The plaintiff within three days filed what was designated as a motion for a new trial. At the next term an order was made sustaining this motion, and later the motion to set aside the service was denied. The defendant now maintains that as no issue of fact was involved in the motion to set aside the service, a motion for a new trial was not necessary or proper, and with the lapse of the term the court lost all control of the case, there being no longer any action pending. Whether or not a motion for a new trial was proper, the document filed was an invitation to the court to rehear the motion to set aside the service—to reëxamine and reconsider the grounds upon which the ruling had been made. The court must be regarded as having in effect taken cognizance of this application at the term at which the ruling was made, and as having elected to continue the hearing of it until the subsequent term, thereby preserving jurisdiction of the matter. It may be that the plaintiff's motion might properly have been denied consideration, but as it was considered and sustained, the ruling must be upheld, provided the service was in fact good, so that the court merely took advantage of

the pendency of the motion for a rehearing to correct an erroneous ruling made at a prior term. (23 Cyc. 861, 862.)

2. The service based on the garnishment proceedings is attacked on the ground that the affidavit for publication was insufficient in that it did not state the nature of the action, or that the debts owing to the defendant were sought to be taken by garnishment in this action, or that the court had jurisdiction of them, or that any garnishment summons had been issued. The affidavit contained the allegation that "said defendant has debts owing to it within the state of Kansas, sought to be taken by one of the provisional remedies of this state, to wit: garnishment." The section of the statute relating to the contents of the affidavit requires it to show that the case is one of those mentioned in the preceding section, wherein service by publication is allowed. (Gen. Stat. 1915, § 6970.) In the enumeration of such cases in the section referred to is included "actions brought against a nonresident of the state or a foreign corporation having in this state property or debts owing to him sought to be taken by any of the provisional remedies, or to be appropriated in any way." (Gen. Stat. 1915, § 6969.) The affidavit was sufficient within prior decisions. (*Bogle v. Gordon*, 39 Kan. 31, 17 Pac. 857.) It was quite general in its terms, but was much more specific than the affidavit condemned in *Lieberman v. Douglass*, 62 Kan. 784, 64 Pac. 590. It has been held that an affidavit for publication in an action to quiet title to real estate should give the location of the land. (*Railway Co. v. Stone*, 60 Kan. 57, 55 Pac. 346.) But the reason stated is that such an action is local—a reason which does not apply here, as the present action is transitory. Objection is also made to the affidavit because the officer before whom it was made did not attach his seal or indicate his official character. This objection is not available on review as it is not shown to have been made in the trial court.

3. A general personal judgment was rendered. The defendant maintains that inasmuch as service was obtained only through the garnishment, the court had no jurisdiction to do more than order payment to be made from the funds owing by the garnishee. Where an objection to the jurisdiction of the person is improperly overruled, the point may, in

most jurisdictions, be preserved for review, although the defendant answers and goes to trial on the merits. (32 Cyc. 530; 4 C. J. 1365, Note, L. R. A. 1916 E. 1082; *Gray v. City of Emporia*, 43 Kan. 704, 23 Pac. 944.)

But the filing of an answer in an action founded on constructive service confers full jurisdiction of the person of the defendant, except where there has been a reservation of the right to contest further an *erroneous* ruling holding the service valid—a situation which can not exist where the ruling was correct because the service was in fact sufficient. The defendant can not limit the effect of his answer by an objection to the prior proceedings which is not well taken. (4 C. J. 1354-1356, 1366, 1367, note 83c.)

4. The petition alleged the shipment of the horses from Alamosa, Colo., to Pueblo, Colo., and alleged that the defendant—

"did not use reasonable or ordinary care in and about the handling, care and transportation of said horses, but on the contrary wrongfully, negligently and unlawfully kept and confined said horses upon the cars for great, unusual and unnecessary periods of time and frequently from time to time on many occasions started and stopped the train and locomotive to which said car of horses were attached with negligent, unlawful, unnecessary and sudden violence, thereby said horses were thrown from their feet to the car floors and piled upon one another with great force and violence, killing, jarring, bruising, crippling and injuring the same."

The jury were asked to "state in what manner or in what particular the company was negligent." They answered: "The company was negligent in not properly assorting and loading the horses." The defendant maintains that the effect of this finding is to absolve it from all forms of negligence other than that mentioned, and that as negligence in respect to assorting and loading the horses was not pleaded it can not be made a basis of recovery. Assuming that the argument would otherwise be sound, it fails because of other findings. To a preceding question in these words: "If you find any of horses were injured, state what were the causes of such injury?" the jury had answered: "By negligence in loading and handling of the cars." They had also found specifically that some of the horses were hurt by the violent jerking of the train before it left Alamosa. Negligence in the handling of the cars was pleaded, and the jury having already specifically

found the existence of that form of negligence, their answer to the question calling for a statement of the negligence relied upon must be regarded as an effort to state additional grounds of recovery.

"Where the jury . . . are asked to state in what respect the defendant was negligent, and in answer refer only to a single matter, this does not preclude another form of negligence, the existence of which they had already specifically found, being relied upon to support a verdict for the plaintiff." (*Springer v. Railroad Co.*, 95 Kan. 408, syl. ¶ 1, 148 Pac. 611.)

It is suggested that the finding with regard to the injuries to horses at Alamosa must be disregarded because without support in the evidence. In the absence of a motion for a new trial, however, the inquiry into the sufficiency of the evidence to sustain the finding is not open. The contention is also made that a recovery is barred by the failure of the plaintiff to comply with a requirement of his shipping contract regarding the giving of a notice. It is said that the trial court proceeded upon an erroneous theory that this provision was waived. This is likewise a matter that could be examined into here only in reviewing the ruling on a motion for a new trial, being essentially a complaint with regard to the instructions —an assignment of error in a trial ruling.

The judgment is affirmed.