No. 43,200

JAMES WILBER CARTER, *Appellant* v. ROBERT M. SHIPLEY, *Appellee.*

(380 P. 2d 318)

Opinion filed April 6, 1963.

*Elliott Fry,* of Wichita, argued the cause, and *Henry E. Martz* and *Clyde Wendelken,* both of Wichita, were with him on the brief for the appellant.

*Emmet A. Blaes* and *Charles M. Cline,* both of Wichita, argued the cause, and *Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher,*

*L. D. Klenda* and *Loren B. Corliss,* all of Wichita, were with them on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order quashing service of summons and dismissing plaintiff's petition.

The question presented is whether plaintiff's affidavit to obtain service by publication complied with the requirements of G. S. 1961 Supp. 60-2526.

The trial court held that it did not—hence this appeal.

The record shows the following:

Plaintiff's petition alleged that he was a resident of Sedgwick county, and that defendant was a nonresident of Kansas—"having an address of 541 S. Alexandria Ave., Los Angeles 5, California"; that at all times material since the date of execution of a bill of sale of personal property by one Ida L. Shipley dated October 12, 1954, and subsequent to June 9, 1960, plaintiff was the owner and in possession of certain described personal property, and that some time during the summer of 1960 defendant unlawfully sold, disposed of and converted the same to his own use to the damage of plaintiff in the sum of $4,075. Recovery was sought in that amount.

With his petition plaintiff filed an attachment affidavit—the contents of which are not involved in this appeal. Pursuant thereto certain described real estate in Sedgwick county owned by the defendant was attached.

At the time of filing his petition plaintiff also filed an affidavit to obtain service by publication. Omitting formal parts—it reads:

"James Wilber Carter, of lawful age, being first duly sworn upon oath, deposes and states:

"That he is the Plaintiff in the above-entitled suit; that on the 18th day of April, 1962, the Plaintiff filed his Petition and commenced this suit for judgment against the Defendant in the sum of $4,075.00, plus interest at the rate of 6% per annum from the date of the sale and conversion as set out in the Petition, court costs and such other and further relief as is just and proper.

"That Defendant's last known address was 541 S. Alexandria Ave., Los Angeles 5, California; that this affiant verily believes and alleges the fact to be true that the Defendant is not now a resident anywhere in the State of Kansas and in fact the last time anything was heard from this Defendant was while he was in California. This affiant further states that he is unable to procure actual service of summons upon the Defendant within the State of Kansas, and therefore desires to obtain service by publication, as prescribed by law."

The legal sufficiency of the foregoing affidavit is the question in this case.

Pursuant thereto "notice of suit" was published for three consecutive weeks in a local newspaper.

All of the foregoing proceedings were had in April and May of 1962.

Very shortly thereafter defendant, appearing specially for the purpose of the motion only, filed a motion to quash the pretended service of summons and to dismiss plaintiff's petition on the ground no jurisdiction of the defendant was obtained by the purported publication service because (1) plaintiff's action was not one in which publication service is authorized; (2) defendant was a nonresident of Kansas and had been a resident of California continuously for more than the past fifteen years; (3) defendant was not served with process within Kansas, and (4) even if publication service were proper in the action alleged—which is denied—the attempted publication service was defective and void.

This motion was heard on May 14, 1962, and on that date the following order (omitting formal parts) was made:

"Thereupon, counsel present their respective arguments to the court, and the court, being fully advised in the premises, finds that it has no jurisdiction of the defendant and that the plaintiff's service of summons should be quashed, plaintiff's petition dismissed, and the attachment dissolved.

"It Is Therefore, Considered, Ordered, Adjudged and Decreed that the motion of the defendant for an order quashing the service of summons and dismissing plaintiff's petition be and is hereby sustained, without prejudice."

Plaintiff promptly appealed from that order and specifies it as error.

On January 24, 1963, defendant (as appellee) filed in this court a motion to dismiss plaintiff's (appellant's) appeal, alleging that subsequent to May 14, 1962 there had been no further proceedings in the case other than the taking of the appeal; that in the meantime—on January 7, 1963—defendant and his wife had conveyed the real estate in question to a third party; that as a result thereof there remained nothing on which the attachment, or any further attachment, could apply; that more than sixty days had transpired for the issuance of an alias summons—and therefore the questions raised by the appeal were moot.

Plaintiff, as directed by this court, filed a reply to defendant's motion to dismiss. Defendant countered with a response to plaintiff's reply. This court thereupon denied the motion to dismiss with leave to renew at the hearing of the appeal on its merits.

At this stage of the case—on the record presented—it is unnecessary to discuss the effect, if any, of the provisions of G. S. 1949, 60-3331, and G. S. 1949, 60-903, on the question presented by the motion to dismiss—and we therefore express no opinion on the matter. Furthermore, the fact of the execution of the deed to the attached property—long after the appeal was taken—is no part of the record and has no bearing on the merits of the appeal. The motion to dismiss the appeal is therefore denied and we proceed to the merits.

In support of the trial court's order quashing service and dismissing the petition, defendant contends that a publication affidavit which does not comply with statutory requirements is a nullity and any attempted publication service based thereon is void and of no force and effect. In this connection it is argued that plaintiff's affidavit to obtain service by publication clearly does not comply with the provisions of G. S. 1961 Supp. 60-2526, which read:

"Before service as provided in section 60-2525 of the General Statutes Supplement of 1955, as amended, can be made, one of the parties or his attorney shall make and file an affidavit stating, *in substance:*

"1. The residences of all named defendants sought to be served, if known, and the names of all such whose residences are unknown.

"2. That the affiant does not know and with reasonable diligence is unable to ascertain the names or residences of any of those classes of unknown persons mentioned in subdivision 6 of section 60-2525 of the General Statutes Supplement of 1955, as amended.

"3. That the party seeking it is unable to procure personal service of summons on such defendants in this state.

"4. That the case is one of those mentioned in subdivisions 1 to 5, inclusive, of section 60-2525 of the General Statutes Supplement of 1955, as amended.

"Such affidavit shall be in *substantially* the following form:

. . . . . . . . . . . . .

" '6. That this action is one of those mentioned in section 60-2525 of the General Statutes Supplement of 1955, as amended.'

"When such affidavit is filed the party may proceed to make service by publication." (Emphasis supplied.)

### G. S. 1961 Supp. 60-2525, so far as here pertinent, reads:

"Service may be made by publication in any of the following cases:

. . . . . . . . . . . . .

"(3) In actions brought against a nonresident of the state or a foreign corporation having in this state property or debts owing to him sought to be taken by any of the provisional remedies or to be appropriated in any way."

. . . . . . . . . . . . .

In his brief defendant states:

"Whether it is sufficient to include in the publication affidavit the exact language of ¶ 4 of G. S., 1961 Supp., 60-2526, or to include the facts showing that the case is one of those coming within the description of the statutory language, is immaterial in the present case. The appellant did neither."

and reliance is had on two early cases dealing with the question.

In *Harris v. Claflin*, 36 Kan. 543, 13 Pac. 830, (1887) an affidavit to obtain service by publication (set out on page 544 of the opinion and incorporated herein by reference) was held to be fatally defective and therefore a nullity. Paragraph 2 of the syllabus reads:

"Where the affidavit for publication does not state directly, *inferentially, or in any other way,* that the action brought is one of those mentioned in § 72 of the civil code, the affidavit *is* fatally defective, and service by publication cannot be obtained thereon." (Emphasis supplied.)

In *Lieberman v. Douglass*, 62 Kan. 784, 64 Pac. 590, (1901) the affidavit to obtain service by publication read:

"N. H. Wood, being duly sworn, says that service of summons cannot be made within the state of Kansas on the said defendant Isaac Anderson, and that this case is one of those mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas.

N. H. Wood."

In holding it to be legally insufficient, it was said:

"The allegation in the affidavit 'that this is one of the cases mentioned in section 72 of the code of civil procedure in the laws of the state of Kansas' is not such a statement of a fact as is required in the affidavit, but a mere conclusion of law, and renders the affidavit wholly insufficient, under the statute, as a basis upon which constructive service can properly be predicated. This defect in the affidavit, we think, is fatal." (pp. 786, 787.)

Based on their facts—we agree with and adhere to the decisions in those cases—but believe the contents of the affidavit in the present case distinguish it from them.

G. S. 1949, 60-507, in material part provides that an action against a nonresident may be brought in any county in which there may be property of the defendant.

G. S. 1949, 60-901, provides that the plaintiff in a civil action for the recovery of money may at or after the commencement thereof have an attachment against the property of the defendant when the defendant is a nonresident of the state.

It is clear, therefore, that plaintiff had the right to maintain this action against the defendant, a nonresident, and to secure the attachment.

Referring now to the provisions of G. S. 1961 Supp. 60-2526, and

the contents of the affidavit in question—both of which are quoted above—it is clear the affidavit complies with subdivisions 1 and 3 of the statute. Subdivision 2 of the statute is inapplicable here. The question, therefore, is whether the affidavit complies with subdivision 4 of the statute—that is, does it state, *in substance,* that the case is one of those mentioned in subdivisions 1 to 5, inclusive, of G. S. 1961 Supp. 60-2525, above? It is true the exact words are not used, but it does allege that defendant is a nonresident and therefore actual service cannot be made within the state, and alleges the nature of the action and the amount of recovery sought. Defendant having property in this state—plaintiff, under G. S. 1949, 60-507, above, could maintain the action. Although not directly stated—it is inferentially alleged (see syllabus 2 of the Harris case, above quoted) that the action is one of those mentioned in subdivision (3) of G. S. 1961 Supp. 60-2525, and, given the liberal interpretation to which, under G. S. 1949, 60-102, it is entitled, we believe the affidavit in question is a *substantial* compliance with the requirements of G. S. 1961 Supp. 60-2526.

The order quashing service of summons and dismissing the petition is therefore reversed.